PENN COLLIERIES COMPANY, Respondent, *v.* EDWARD J. McKEEVER, Appellant.

1. CORPORATIONS — GENERAL CORPORATION LAW, § 15 — "DOING BUSINESS IN THIS STATE." The phrase "doing business in this state," contained in section 15 of the General Corporation Law (L. 1892, ch. 687, as amd.), which requires a foreign corporation to procure a certificate of authority to transact business in this state from the secretary of state, implies corporate continuity of conduct in that respect ; such as might be evidenced by the investment of capital here, with the maintenance of an office for the transaction of its business and those incidental circumstances which attest the corporate intent to avail itself of the privilege of carrying on business.

2. SAME. The sale of a single cargo of coal in the city of New York, by a foreign corporation through an agent whose territory was the middle New England district and the state of New Jersey, although it included that city and he had an office therein, does not constitute a business trans-

action within this state so as to require a certificate from the secretary of state as a prerequisite to the maintenance of an action for the purchase price of the coal.

*Penn Collieries Co.* v. *McKeever*, 93 App. Div. 303, affirmed.

(Argued October 20, 1905; decided November 21, 1905.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered April 30, 1904, affirming a judgment in favor of plaintiff entered upon a decision of the court at a Trial Term without a jury.

The plaintiff, a foreign corporation organized under the laws of West Virginia, sued for the price of a cargo of coal, which it had sold and delivered to the defendant, in the city of New York. The defense to the suit was that, as the plaintiff was doing business in this state, without having procured from the secretary of state the certificate required by section 15 of the General Corporation Law, it could not maintain any action upon its contracts. The evidence showed that the coal had been sold by an agent of the company in the city of New York, where he had an office and which he made his headquarters, as the company's sales agent for the middle New England district and New Jersey; an agency which included that city within its territory. The cargo of coal sold to the defendant appears to have been the only sale of coal ever made by the plaintiff within this state. The coal was mined in Pennsylvania; it was, originally, sold in New Jersey; it had been rejected by the purchaser in New York and, while there and in the canal boat, had been resold, through a broker, to the defendant. Usually, orders for coal were forwarded to the Pennsylvania office and were filled from there, directly. No books of account, nor bank account, were kept in the city of New York and no coal, or other goods, of the company, were kept in this state; the office there being, solely, for the agent's convenience.

Upon the evidence, the trial judge made these findings of fact, a jury having been waived, that the plaintiff had not procured the statutory certificate; the sale and delivery to the defendant; his promise to pay therefor and his refusal

to make payment, and that the plaintiff was not doing busi-. ness in the state within the meaning of the statute. The judgment recovered by the plaintiff has been affirmed by the Appellate Division, in the first department, by a divided court. The defendant further appeals to this court and insists that the plaintiff was doing business within this state, under the facts disclosed by the evidence, within the purview of the provisions of the General Corporation Law.

*Frank B. York* for appellant. The plaintiff, Penn Collieries Company, is doing business in this state within the meaning of the statute in question. (*V. M. Co.* v. *Lighthouse,* 64 App. Div. 138; *People ex rel. C., etc., Co.* v. *Roberts,* 154 N. Y. 1; *Roche* v. *Ladd,* 83 Mass. 436; *D. M. & T. I. Co.* v. *Nixon,* 95 Ala. 318; *Nelms* v. *E. A. L. M. Co.,* 92 Ala. 157; *Commonwealth* v. *G. F. Co.,* 98 Penn. St 105; *Commonwealth* v. *Long,* 1 Penn. Co. Ct. Rep. 190.) The facts in this case fulfill the conditions or proof necessary to be filed in order to obtain the certificate required by section 16 of the General Corporation Law. (*Utley* v. *C. G. L. M. Co.,* 4 Col. 369.) Section 15 of the General Corporation Law does not amount to a regulation of commerce. (*V. M. Co.* v. *Lighthouse,* 64 App. Div. 138; *Brown* v. *Houston,* 114 U. S. 632; *Paul* v. *Virginia,* 75 U. S. 183; *People* v. *Huntington,* 4 N. Y. Leg. Obs. 187.)

*John Waring Parks* and *Francis S. McGrath* for respondent. The question as to whether the plaintiff is doing business in this state, within the meaning of section 15 of the General Corporation Law, is to be determined from the acts which it habitually performs and not from the character of a single transaction had by it within the state. (*N. K. Co.* v. *Bronner,* 20 Misc. Rep. 125; 6 Thomp. on Corp. § 7936; 13 Am. & Eng. Ency. of Law [2d ed.], 869; *V. M. Co.* v. *Lighthouse,* 64 App. Div. 138; *N. Y. T. C. Co.* v. *Williams,* 102 App. Div. 1.) The acts which the plaintiff habitually performs do not constitute doing business within the meaning of the statute in question. (*C. L. Co.* v. *A. Ins. Co.,* 67

App. Div. 151; *People ex rel. S., etc., Co.* v. *Roberts*, 29 App. Div. 585; *Jones* v. *Keeler*, 40 Misc. Rep. 221; *M. V. Co.* v. *Connell*, 10 Misc. Rep. 553; *Nat. K. Co.* v. *Bronner*, 20 Misc. Rep. 125; *Howard Co.* v. *Wicht*, 99 App. Div. 507.) The plaintiff is not doing business in the state within the meaning of the statute for the reason that it is engaged solely in interstate commerce. (*H. Mills* v. *Harden*, 25 Misc. Rep. 665; *People ex rel. C., etc., Co.* v. *Roberts*, 154 N. Y. 1; *People ex rel. A., etc., Co.* v. *Wemple*, 129 N. Y. 558; *People* v. *E. T. Co.*, 96 N. Y. 387; *People ex rel. S. Co.* v. *Roberts*, 27 App. Div. 455; *People ex rel. B. Co.* v. *Roberts*, 22 App. Div. 282; *People ex rel. S. C., etc., Co.* v. *Barker*, 5 App. Div. 246; 149 N. Y. 623; *People ex rel. Durand-Ruel* v. *Wells*, 41 Misc. Rep. 144; *People ex rel. P. R. R. Co.* v. *Wemple*, 138 N. Y. 1; *M. V. Co.* v. *Connell*, 10 Misc. Rep. 553; *Savage* v. *Atlanta, etc., Co.*, 55 App. Div. 20; *People ex rel. C. O. Co.* v. *Roberts*, 25 App. Div. 13.)

Gray, J.  I think that the determination below was correct.  Section 15 of the General Corporation Law prescribes that, " No foreign stock corporation, other than a moneyed corporation, shall do business in this state without having first procured from the secretary of state a certificate that it has complied with all the requirements of law to authorize it to do business in this state, and that the business of the corporation to be carried on in this state is such as may be lawfully carried on by a corporation incorporated under the laws of this state for such or similar business," etc.  Further, it provides that " no foreign stock corporation doing business in this state shall maintain any action in this state upon any contract made by it in this state unless prior to the making of such contract it shall have procured such certificate."

I am, clearly, of the opinion that the statutory provisions were not intended for any such case as this.  I think that they should be construed, both upon the fair import of their language, as well as upon a just consideration of the public policy and of the state interests to be promoted, as, simply, prevent-

ing foreign corporations from entering the state by agencies and there engaging in the general prosecution of their ordinary business, without first complying with certain requirements of a reasonable nature and evidencing their compliance by obtaining a certificate to the effect.

The policy of our state, as manifested in its laws, is not to impose any unconscionable restrictions upon the transactions of foreign corporations here. Their right to transact business here has always been conceded. Indeed, the effect of the legislation of recent years has been to remove all barriers in their way and to enable them to come here freely; provided they subjected themselves to our laws and exercised no powers not conferred by their charters. That is to say, a foreign corporation may enter our boundaries as freely as may natural persons and it may transact any lawful business here; provided that it takes those preliminary steps prescribed by our statutes, which evidence its corporate nature and purposes and which secure to the state government an effective supervision and control of the business to be carried on. The statute of 1892, only, declared the policy of this state that a foreign stock corporation should not carry on any business therein, which a domestic corporation, of similar nature, could not lawfully conduct. It was intended to place them upon a similar footing. (See *Lancaster* v. *Amsterdam Impr. Co.*, 140 N. Y. 576; *Neuchatel Asphalte Co.* v. *Mayor, etc., of N. Y.*, 155 ib. 373.) The rule was early declared that, unless interdicted by the state, a foreign corporation could perform within its boundaries single corporate acts, or conduct its corporate business, when not prohibited by our laws, or when not violative of public policy, (*Bard* v. *Poole*, 12 N. Y. 495; *Hollis* v. *Drew Theological Seminary*, 95 ib. 166), and the enactment of the present General Corporation Law was intended to regulate its existence here, if proposing to conduct a business, by the imposition of reasonable conditions. But no such narrow policy was intended to be declared by the statute as the prohibition of all corporate transactions by foreign corporations, irrespective of their nature, or of the condition under which

they occurred; nor does the language indicate it.   To bring
into operation the statutory provision, the facts should show
more than a solitary, if not accidental, transaction as was the
one before us.   They should establish that the corporation
was conducting a continuous business.   To be " doing busi-
ness in this State" implies corporate continuity of conduct in
that respect; such as might be evidenced by the investment
of capital here, with the maintenance of an office for the
transaction of its business, and those incidental circumstances,
which attest the corporate intent to avail itself of the privi-
lege to carry on a business.   In short, it should appear, as it
was intimated in the opinion in *People ex rel. Armstrong
Cork Co.* v. *Barker,* (157 N. Y. 159, 165), that the corpora-
tion and its officers intended " to establish a continuous busi-
ness in the City of New York and not one of a temporary
character."   In this case, there was no circumstance to evi-
dence, in any degree, anything of the kind.   In a very recent
case, it appeared that a foreign corporation, having a manu-
facturing plant without the state, maintained a salesroom in
the city of New York, to which some of its manufactures
were consigned for distribution elsewhere, upon sales made at
the home office, or for sales in that city, and it was sought to
assess it, upon capital employed here, for a business franchise
tax.   It did not appear that anything was done here by the cor-
poration, beyond the mere maintenance of an office for such a
purpose, and the determination turned upon whether the two
essential conditions concurred, of " doing business in this
State " and of some portion of its capital being employed here.
We affirmed a determination made below that the corporation
was not assessable and, necessarily, that determination rested
upon the insufficiency of the facts to establish that it was
" doing business" here.   (*People ex rel. A. J. Tower Co.* v.
*Wells,* 182 N. Y. 553, affg. 98 App. Div. 82.)

I advise the affirmance of the judgment, with costs.

CULLEN, Ch. J., BARTLETT, HAIGHT, WERNER, JJ. (and
VANN, J., in result), concur; O'BRIEN, J., absent.

Judgment affirmed.