CHARLES E. WRIGHT & CO. v. FAULKNER et al.

(Supreme Court, Appellate Term.   December 11, 1906.)

1. CORPORATIONS—FOREIGN CORPORATIONS—ACTIONS BY—CERTIFICATE TO DO BUSINESS IN STATE.

Where a complaint in an action for goods sold showed that the plaintiff was a foreign corporation, but did not show that it was a foreign stock corporation, or that it was doing business in the state, and it did not appear in the evidence that it was a stock corporation, it would not be nonsuited for failure to show compliance with section 15 of the general corporation law (Laws 1892, p. 1805, c. 687), providing that no foreign stock corporation doing business in the state without having first procured from the Secretary of State a certificate of authority shall maintain any action in the state upon any contract made by it in the state until it shall have procured such certificate.

2. PARTIES—NONSUIT—MOTION FOR—ACTION BY FOREIGN CORPORATION—METHOD OF RAISING OBJECTIONS.

In an action by a foreign corporation, the objection to its failure to show compliance with section 181 of the tax law (Laws 1896, p. 856, c. 908, as amended by Laws 1901, p. 1364, c. 558), providing that no action shall be maintained in the state by a foreign corporation without obtaining a receipt for the license fee imposed on foreign corporations doing business in the state, cannot be raised on a motion for nonsuit, but must be raised by demurrer if the defect appears on the face of the complaint, and by answer if it does not, since the objection does not go to the substance of plaintiff's claim, but refers solely to his capacity to sue.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 37, Parties, § 118.]

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by Charles E. Wright & Co. against Isaac N. Faulkner and another.   From a judgment for plaintiff, defendants appeal.   Affirmed.

Argued before GILDERSLEEVE, FITZGERALD, and DAVIS, JJ.

J. W. Van Gordon, for appellants.

Hastings & Gleason, for respondent.

DAVIS, J.   This action was brought to recover for goods sold and delivered.   It appears from the complaint that the plaintiff is a foreign corporation.   There is no allegation that the plaintiff is a foreign stock corporation; nor does it appear from the complaint that it was doing business within the state of New York.   The plaintiff obtained judgment for $97.18.

At the close of plaintiff's case the defendants moved for a nonsuit on three grounds, the last of which was that plaintiff, being a foreign corporation, had failed to show compliance with section 15 of the general corporation law (Laws 1892, p. 1805, c. 687), and section 181 of the tax law (Laws 1896, p. 856, c. 908), and was, therefore, not entitled to bring this action.   This motion was denied.   At the time the motion was made it nowhere appeared in the evidence that the plaintiff was a stock corporation.   The complaint, therefore, does not fail to set forth a good cause of action in favor of a foreign corporation, because of its omission to allege compliance with section 15.   Therefore it was not error to deny the motion for a nonsuit on this ground.   Sec-

tion 1779, Code Civ. Proc.; South Bay Co. v. Howey, 113 App. Div.
382, 98 N. Y. Supp. 909.

Nor was it error to deny the motion because of a failure to show
compliance with section 181 of the tax law (chapter 908, p. 856, Laws
1896, as amended by chapter 558, p. 1364, Laws of 1901). It has been
held that this objection does not go to the substance of plaintiff's claim,
but refers solely to the plaintiff's capacity to sue. Therefore the ob-
jection must be raised by demurrer if the defect appears on the face of
the complaint, or by answer if it does not so appear. If not so tak-
en, it is deemed to be waived. It cannot be raised on a motion for a
nonsuit. Parmele Co. v. Haas, 171 N. Y. 579, 583, 64 N. E. 440.

The motion was renewed upon the same grounds at the end of the
whole case, and denied. The answer was a general denial and counter-
claim. We think the motions were properly denied.

Judgment affirmed, with costs. All concur.