(53 Misc. Rep. 517)

ALFRED J. BROWN SEED CO. v. RICHARDSON.

(Supreme Court, Special Term, Erie County. February, 1907.)

1. CORPORATIONS—FOREIGN CORPORATIONS—DOING BUSINESS WITHIN STATE—NECESSITY OF CERTIFICATE—ACTIONS.

   A foreign corporation engaged in buying and selling fruit, which had an arrangement with a commission dealer in the state by which the corporation was to buy peaches in Michigan and ship them to the commission dealer, billing them at cost price in Michigan, and accompanying them with draft on the commission dealer, who was to pay the same, sell the peaches, and divide the profits, was not "doing business within the state" within section 15 of the general corporation law (Laws 1892, p. 1805, c. 687), providing that no foreign stock corporation doing business within the state shall maintain any action upon any contract made by it in the state until it shall have procured a certificate permitting it to transact business within the state.

2. SAME—FOREIGN CORPORATIONS.

   In order to justify the dismissal of an action brought by a foreign corporation on the ground of failure to obtain a certificate under section 15 of the general corporation law (Laws 1892, p. 1805, c. 687), providing that

no foreign stock corporation doing business in the state shall maintain any action upon any contract made by it in the state until it shall have procured such certificate, it must be shown that the corporation is a foreign stock corporation.

Appeal from Municipal Court of Buffalo.

Action by the Alfred J. Brown Seed Company against Charles Richardson. From a judgment granting a nonsuit, plaintiff appeals. Reversed.

Frederick O. Bissell, for appellant.
William C. Carroll, for respondent.

WHEELER, J. Upon the trial in the Municipal Court the plaintiff was nonsuited. The nonsuit was doubtless granted on the ground that the plaintiff could not recover upon the alleged ground that it was a foreign corporation engaged in doing business within the state of New York without first having obtained the statutory certificate permitting it to transact business within the state.

The facts as disclosed by the evidence, briefly stated, are these: The plaintiff is a Michigan corporation engaged in buying and selling fruit. Its president came to the city of Buffalo, and there made an arrangement with the defendant, Richardson, who is a commission man and fruit dealer at that place, by which the plaintiff was to buy peaches in Michigan, and ship them to the defendant in Buffalo. The peaches were to be billed to the defendant at cost price in Michigan, and each car shipment was to be accompanied by a draft on the defendant for that amount, which defendant was to honor. The defendant was to pay the draft, and sell the peaches, and any profit realized from their sale was to be divided equally between the plaintiff and defendant.

The action is brought to recover a balance alleged to be due the plaintiff by reason of transactions had under this alleged arrangement. The plaintiff is entitled to recover unless a recovery is barred by reason of a failure to comply with the statute in question.

The suggestion has been made that the arrangement stated constituted a copartnership, but I do not so regard it. The testimony is that, having made losses on the ordinary commission basis heretofore carried on through other agents, the defendant proposed a mode of business by which the plaintiff would suffer no loss, and that was by shipments in the manner above stated, in which the defendant was to take the peaches at cost price in Michigan and to divide the profits when sold. The plaintiff was not to stand any share of the loss, if any. It would appear (if the plaintiff's version of the transaction is correct) that the dealings rather amounted to a sale of the peaches to the defendant, and that from the time of their delivery on the cars the fruit was at the defendant's risk; the price to be ultimately paid being the cost price plus one-half any profits made. But, whatever the legal effect of the agreement between the parties, I do not think their dealings constituted a doing of business within the state within the meaning of the statute. In order to bring a corporation within the condemnation of section 15 of the general cor-

poration law (Laws 1892, p. 1805, c. 687), there must be something more than an occasional transaction.

As was said in Penn Collieries Co. v. McKeever, 183 N. Y. 103, 75 N. E. 935, 2 L. R. A. (N. S.) 129, the evidence should establish a continuous business. "To be doing business in this state" implies a corporate continuity of "conduct in that respect, such as might be evidenced by the investment of capital here, with the maintenance of an office for the transaction of its business, and those incidental circumstances, which attest the corporate intent to avail itself of the privilege to carry on a business." "In short, it should appear," as it was intimated in the opinion in People v. Barker, 157 N. Y. 159, 165, 51 N. E. 1043, "that the corporation and its officers intended to establish a continuous business in the city of New York, and not one of a temporary character."

The facts proven in this case do not bring it within the rule laid down in those cases. The transactions related only to one particular kind of fruit, to wit, peaches. The season was necessarily short. The plaintiff had no control over the consignment after it was made. It kept no offices here. It had no capital invested here. It is well established that the sending of an agent through a state to obtain orders for goods manufactured in another state and to be shipped from there to a purchaser here does not violate the statute. Vaughn Machine Co. v. Lighthouse, 64 App. Div. 138, 71 N. Y. Supp. 799; Tallapoosa Lumber Co. v. Holbert, 5 App. Div. 559, 39 N. Y. Supp. 432. None of the recognized tests bring this case within the condemnation of the statute. Moreover, it has recently been held that, in order to justify a dismissal of an action brought by a foreign corporation on the ground of failure to obtain a certificate under section 15 of the general corporation law, it must also appear that the corporation is a foreign stock corporation. South Bay Co. v. Howey, 113 App. Div. 382, 98 N. Y. Supp. 909; Wright & Co. v. Faulkner, 101 N. Y. Supp. 807, 52 Misc. Rep. 100. Whether this plaintiff is a stock corporation or not does not appear.

We are therefore of the opinion the judgment appealed from should be reversed and a new trial had in the Municipal Court, costs of this appeal to abide the event.