FRESNO HOME PACKING CO. v. TURLE & SKIDMORE.

(Supreme Court, Appellate Term.   July 7, 1908.)

1. SALES—CONTRACT—CONSIDERATION—EVIDENCE.

In an action for breach of a modified contract for the purchase of raisins, by which it was agreed that defendant should take one car, instead of two, evidence that at the time of the modification the raisin market was rapidly declining was admissible to show a consideration moving the defendant to make the new promise.

2. EVIDENCE—MENTAL OPERATIONS.

In an action for breach of a modified contract of sale, a question by which the witness was asked to "explain why" he kept the papers from October 15 to November 15, 1906, and sent them back all together, with the notice of arrival of the goods purchased, on November 17th, was properly excluded, as calling for what was in the witness' mind.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, § 440.]

3. APPEAL AND ERROR—VERDICT—REVIEW.

A verdict will not be reversed on appeal on a question of fact, where no preponderance of the evidence appears against it.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 3935-3937.]

4. CORPORATIONS—FOREIGN CORPORATIONS—DOING BUSINESS WITHIN STATE.

General Corporation Law, Laws 1892, p. 1805, c. 687, § 15, prohibiting foreign corporations, doing business within the state without having complied with the corporation law, from maintaining actions on contracts, etc., applies only to corporations maintaining a place of business and pursuing business within the state, and does not prohibit a California corporation, not having complied with the New York corporation law, from suing in the courts of New York for breach of a contract of sale made or approved in California through a broker of New York.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 12, Corporations, §§ 2520-2527.]

5. FRAUDS, STATUTE OF—PLEADING—NECESSITY.

Not having so pleaded, defendant could not object that the modification by parol of a written contract of sale, on which modification plaintiff sued, was invalid under the statute of frauds.

Appeal from City Court of New York.

Action by the Fresno Home Packing Company against Turle & Skidmore.  From a judgment of the New York City Court in favor of plaintiff, defendant appeals.  Affirmed.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

H. & J. J. Lesser, for appellant.
Benno Lewinson, for respondent.

MacLEAN, J.  In this interesting commercial case, interesting in the relative rarity of the submission of commercial controversies to the courts in this commercial town, the learned presiding justice carefully limited the jury to the consideration of the sole issue of fact—to determination of whether, by a modification, not in writing, of an agreement in writing theretofore obtaining between the parties, the plaintiff and the defendant sold and bought a car load of raisins of October shipment, 1906, of a certain quantity and at a certain price.  The verdict was for the plaintiff, and from the judgment entered thereon the

defendant appeals, contending that the verdict was against the weight of evidence, and that the plaintiff was not competent to bring this action, because it had not complied with the requirements of the statute authorizing a foreign corporation to do business in this state, and because the original agreement, being for the sale of merchandise of a greater price than $50 was, within the statute of frauds, valid only if in writing, and could not be modified by parol.

On June 7, 1907, the plaintiff, a California corporation not authorized to do business in this state, through a local broker, by writings approved or made in California, sold, and the defendant company, an incorporation of this state, bought, two car loads of raisins, each to contain 750 cases, 50 pounds to a case, at 6¾ cents per pound f. o. b. common shipping point, California, and to be of October shipment. On October 2d the plaintiff tendered a car of raisins of September shipment, containing 831 cases, of 45 pounds each. This the defendant rejected. Thereupon, according to the testimony of the broker, contradicted categorically and circumstantially by the defendant's treasurer, after negotiations in which one side asserted a desire to fix it up amicably and the other a purpose to do what was fair, the broker proposed that the plaintiff cancel one car load and not stand upon its right to deliver both, and the defendant's treasurer said he would take the second car when it arrived. There was a decided decline in the market at that time. On October 16th came the invoice for the second car, with particulars of description, car number, route, dates, and terms, and notice of drawing, as per duplicate draft, for the proceeds, $2,455.31. The papers were turned over to the defendant, which seems also on the 17th to have received notice from the First National Bank of the presentation of the original draft. Nothing else occurred till November 15th, when there came with the freight bill of $420 a notice of the arrival of the raisins and that they were ready for delivery at Pier 25 North River. Having received this also, the defendant returned the papers, including the duplicate draft, notice, and invoice, to the broker. Counter returns, demands, and refusals followed, and then, with observance of the customary formalities, the raisins were sold at auction at 5 cents, realizing $1,852.85. So this action is for the difference between the invoice price, plus the freight bill, and the amount realized, or $1,022.46, with interest from October 17, 1907, wherefore, with costs, amounting in all to $1,123.82, is the judgment sought to be reversed.

Only two exceptions, both untenable, were taken by the defendant to rulings on evidence. One was to overruling an objection, as immaterial, to a question about the course of the market, and which brought the material information that it was declining rapidly at that time, and so supplied evidence of a consideration moving the defendant for the new promise to take one, in lieu of two, cars. Indeed, counsel for the defendant asked the same question of, and elicited the same information from, the plaintiff's witness on the cross, and of and from his own witness on the direct, but for the purpose of making it appear improbable that the defendant's officer should on such a market agree to take one car, when, as counsel would have it, the defendant was not under obligation to take either two or one. The other excep-

tion was to the exclusion, proper enough, on an objection as to what was in the witness' mind, of a question asking the treasurer to "explain why" he kept the papers from October 15th to November 15th, and sent them back all together, with the notice of arrival, on the 17th? Thus submitted upon evidence, documentary and oral, scarcely questioned, with no preponderance favoring the appellant appearing, the verdict resting upon the credence given by the jurymen, who saw the original papers and had in view the witnesses, this court will not interfere with the determination of fact.

Although formed and existing under the laws of another state of the Union, and so here called "foreign," the plaintiff is not for that, as urged, to be turned out of court. The statutory ban against maintenance in this state by foreign corporations of actions on contracts falls only on such as do business in this state (section 15, General Corporation Law [Laws 1892, p. 1805, c. 687]) which, as indicated in succeeding sections (sections 16, 17), are such as have places of business and are carrying on or pursuing business or objects in the state's territory. This appears pretty plainly in the act itself, and it has been so held in a cause having some similarity with that at bar. St. Albans Beef Co. v. Aldridge, 112 App. Div. 803, 99 N. Y. Supp. 398.

Not having so pleaded, it may not now be objected by the defendant that the modification by parol of the contract in writing was invalid within the statute of frauds. As shown in the cases cited by him, the law was laid down, as the appellant's counsel contends, by the court of last resort in this state in 1884 (Hill v. Blake, 97 N. Y. 216) and even in 1890 (Clark v. Fey, 121 N. Y. 470, 24 N. E. 703), in neither of which, as appears from examination of the original cases on appeal, was there mention in the pleadings of the statute of frauds. But the same high court has since (1893) pronounced it to be a general rule of universal application that the statutes of frauds, of limitations, against usury, and against betting and gaming, are not available to a party unless specially pleaded. Crane v. Powell, 139 N. Y. 379, 388, 34 N. E. 911. That rule respected disposes of the chief question of law in this case. The modification, as it was called on the trial, of the contract in writing, found by the jury to have been made, was a new contract of sale (Clark v. Fey, 121 N. Y. 476, 24 N. E. 703), made by parol, as may be any contract not immoral or otherwise illicit, and so was provable by word of mouth, unless such evidence were forefended by pleading the statute, which the courts are now to take as if phrased as is, and for 230-odd years has been, phrased the English statute, copied and conservatively kept by certain states of the Union, e. g., Massachusetts.

Fact it is that, two years after the enunciation of the rule here to be followed, it was declared by the Chief Judge of the same high court (Thomson v. Poor, 147 N. Y. 402, 409, 42 N. E. 13), all the judges concurring:

"If we were now required to decide the question whether a contract in writing within the statute of frauds can be altered * * * by a subsequent oral executory agreement made between the parties upon sufficient consideration, we should find the question under the authorities involved in distressing perplexity."

Distressing to whom—the salaried judges, the paid lawyers, the taxed public, the unpedantic litigants? Our statute literally pronounces. such an agreement as is here to be upheld void. Our courts call it good, if only the statements between man and man be not precluded by a plea. Thus the merchant, if he buy the book of the law and peruse the bewildering mass of tomes of its juridical exposition, may not learn for himself, but remain in perplexity as to the law of the land applicable to the common, commercial transaction of a sale of merchandise.

The judgment should be affirmed.

GILDERSLEEVE, P. J., concurs.

SEABURY, J. (concurring). The attack which the appellants make upon the judgment entered upon the verdict of the jury in favor of the plaintiff is without merit. The objection that the original contract was within the statute of frauds, and, not being evidenced by a writing, is void, is completely answered by the fact that the statute of frauds was not pleaded. Crane v. Powell, 139 N. Y. 379, 34 N. E. 911. The evidence as to whether there was a modification of the contract was the subject of conflicting testimony, and the proof sustains the finding of the jury. Both the exceptions upon which the appellants rely are clearly worthless. The objection that the plaintiff has not complied with section 15 of the general corporation law cannot avail the appellants, as there is nothing in the records before us to show that the plaintiff did business in this state. St. Albans Beef Co. v. Aldridge, 112 App. Div. 803, 99 N. Y. Supp. 398.

The judgment should be affirmed, with costs.