### HADDAM GRANITE CO. v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, First Department. April 8, 1909.)

CORPORATIONS (§ 642*) — FOREIGN CORPORATIONS — "DOING BUSINESS IN THE STATE."

A contract by a foreign corporation for the sale and delivery in the state of paving blocks manufactured in another state, negotiated largely by correspondence and afterwards reduced to writing, the deliveries to extend over a period of about ten months, does not constitute "doing business in the state" by such corporation, so as to require it to obtain a certificate from the Secretary of State authorizing it to do such business, as provided by Corporation Law (Laws 1892, p. 1805, c. 687) § 15.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 2520; Dec. Dig. § 642.*

For other definitions, see Words and Phrases, vol. 3, pp. 2155–2160; vol. 8, pp. 7640, 7641.]

Appeal from Trial Term, New York County.

Action by the Haddam Granite Company against the Brooklyn Heights Railroad Company. From a judgment dismissing the complaint, and an order denying a motion for a new trial, plaintiff appeals. Reversed.

See, also, 186 N. Y. 247, 78 N. E. 858.

Argued before PATTERSON, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and HOUGHTON, JJ.

John Ewen, for appellant.

Thomas L. Hughes (William N. Parke, on the brief), for respondent.

LAUGHLIN, J. This is an action to recover damages for breach of contract. The plaintiff is a foreign corporation engaged in quarrying and selling granite blocks for paving. On the 30th day of March, 1903, the general manager of plaintiff, who was also the treasurer, opened negotiations with defendant with a view to selling to defendant granite blocks. Prior to the 27th day of May thereafter these nego-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tiations had progressed to the extent that the price had been agreed upon, but not the quantity or the time for making the deliveries; and on the verbal order of the defendant the plaintiff proceeded to manufacture and deliver granite blocks to the defendant, the first delivery being made on that date. On or prior to the 14th day of August, 1903, it had delivered about 100,000 blocks, for which it had been paid; and on that day a contract in writing for the sale and delivery of 500,000 granite blocks was proposed by the defendant and accepted verbally by the plaintiff, under and pursuant to which about 104,000 more granite blocks were delivered, for which payment has also been made. The defendant thereupon refused to accept any further deliveries.

The plaintiff showed that, relying on the contract, it quarried and dressed and tendered delivery of the remaining granite blocks called for by the contract, at the cost and expense of $40 per thousand, and that there was no market value for the granite blocks. This was the second trial of the issues, and recovery on the former trial, by the plaintiff, was reversed by the Court of Appeals on the ground that the trial proceeded on an erroneous theory with respect to the rule of damages. Haddam Granite Co. v. Brooklyn Heights R. Co., 186 N. Y. 247, 78 N. E. 858. On the last trial the plaintiff, for the purpose of showing that the difference between the contract price and market value could not be the measure of damages, showed, as already observed, that there was no market value. Assuming that the plaintiff has the right to sue, a prima facie case was presented. The trial court, however, dismissed the complaint upon the ground that the plaintiff was doing business in this state, within the intent and meaning of section 15 of the general corporation law (Laws 1892, p. 1805, c. 687), and that it failed to show that it had obtained a certificate authorizing it to conduct business in this state, as required by said statute.

We are of opinion that the court erred in so ruling. The plaintiff is a foreign corporation, organized under the laws of Connecticut, having its place of business and quarries at Haddam, in that state. It has no property in the state of New York, and it has no office in this state. The undisputed evidence shows that the only business it has ever transacted in the state of New York is this business with the defendant, which in effect constitutes but a single transaction. At the outset there was an attempt to negotiate a single contract, and, pending the negotiations, after the price of the material had been agreed upon, but before all the particulars of the contract, with respect to quantities and times of delivery, had been settled, deliveries were made on the terms as to price, which were to be incorporated in the contract which was then being negotiated. The negotiations originated in this state, but were continued largely by correspondence between the officers of the respective corporations, one of which was within and the other without the state. These facts do not show that the plaintiff was either continuously or permanently engaged in business in this state. The Court of Appeals, in Penn Collieries Co. v. McKeever, 183 N. Y. 98, 75 N. E. 935, 2 L. R. A. (N. S.) 127, in construing this statutory provision, said:

"To bring into operation the statutory provision, the facts should show more than a solitary, if not accidental, transaction, as was the one before us. They should establish that the corporation was conducting a continuous business. To be 'doing business in this state' implies corporate continuity of conduct in that respect, such as might be evidenced by the investment of capital here, with the maintenance of an office for. the transaction of its business, and those incidental circumstances which attest the corporate intent .to avail. itself of the privilege to carry on a business."

The mere fact that some deliveries were made pending negotiations, and that the contract did not provide for the delivery of all the granite blocks at one time, and that deliveries were to be made from time to time, extending over a period of about 10 months, does not show the continuity of business which is required, by this decision of the Court of Appeals, to bring a case within·the operation of the statute. In Penn Collieries Co. v. McKeever, supra, the contract was made in this state, and the plaintiff, a foreign corporation, maintained an office in this state, under an annual lease, which was occupied by its manager, whose compensation consisted of commissions, and who·there took orders for the sale of coal, subject to the approval of the company at its home office without the state, ordinarily; but in the particular instance which was under review by the Court of Appeals he himself made the contract for the sale of the coal within the state. The Court of Appeals held that those facts did not constitute doing business in this state, within the provisions of this statute. I think it.clear, therefore, upon that authority, that the facts in the case at bar do not show that the plaintiff was doing business within the state, which required it to obtain the certificate as a condition precedent to enforcing its contract rights in our courts.

It follows, therefore, that the judgment and order should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.