## L. C. PAGE CO. v. SHERWOOD.

(Supreme Court, Appellate Term. January 21, 1910.)

1. CORPORATIONS (§ 642*)—FOREIGN CORPORATIONS—RIGHT TO SUE—CONTRACTS —PLACE OF MAKING.

Defendant, in New York, gave the traveling salesman of plaintiff, a Massachusetts corporation, an order for goods, which he mailed to plaintiff's office in Massachusetts. *Held*, that as, in the absence of special authority in the salesman, the order would have to be accepted by his principal, it will, in the absence of further evidence, be considered that the order was accepted, and the contract made, in Massachusetts, so that General Corporation Law (Consol. Laws, c. 23) § 15, forbidding action in the state by a foreign corporation, doing business in the state, on a contract made in the state, unless it shall have obtained a certificate of authority to do business in the state, does not apply.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2520–2527; Dec. Dig. § 642.*]

2. CORPORATIONS (§ 657*)—FOREIGN CORPORATIONS—RIGHT TO SUE—CONTRACTS —PLACE OF MAKING.

Neither was the contract made in the state, within such statute, where defendant mailed an order directly to plaintiff in Massachusetts.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2536–2554; Dec. Dig. § 657.*]

3. CORPORATIONS (§ 642*)—FOREIGN CORPORATIONS—RIGHT TO SUE—"DOING BUSINESS IN THE STATE."

Plaintiff, a foreign corporation, is not shown to be "doing business in the state," within General Corporation Law (Consol. Laws, c. 23) § 15, relative to the right of such a corporation to sue in the state, by evidence of a traveling salesman of his having an office in the state for the transaction of business, especially in the absence of evidence that plaintiff knew he maintained such an office or that he conducted business therein for

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

plaintiff, or by evidence that "in years gone by, and not latterly," defendant had examined stocks of plaintiff's goods at said office.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2520–2527; Dec. Dig. § 642.*

For other definitions, see Words and Phrases, vol. 3, p. 2155; vol. 8, pp. 7640–7641.]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the L. C. Page Company against Robert E. Sherwood. From a judgment for defendant, after a trial without a jury, plaintiff appeals. Reversed, and new trial ordered.

Argued before GIEGERICH, DAYTON, and LEHMAN, JJ.

Edgerton, Allen & Dean, for appellant.
Parker & Aaron (Charles Adkins Baker, of counsel), for respondent.

GIEGERICH, J. The plaintiff, a foreign corporation, brought this action to recover the agreed price of certain goods sold and delivered to the defendant. The answer admitted the sale and delivery of goods of a slightly less value, and set up as a defense that the account had been settled by the giving of notes for the amount as adjusted by the parties, after certain allowances mutually agreed upon, which notes had not matured at the time when the action was commenced. The defendant clearly failed to establish this defense, and the trial court, as appears from the record, gave judgment in his favor "solely upon the ground that plaintiff was doing business within this state without having complied with section 15 of the general corporation law." The only question raised upon this appeal is whether the case justified a judgment for the defendant upon that ground.

Section 15 of the general corporation law (Consol. Laws, c. 23) prohibits the bringing of an action by a foreign stock corporation doing business in this state, upon a contract made within the state, unless it shall have procured a certificate of authority to. do business from the Secretary of State before the making of the contract. It is necessary, before the prohibition contained in this. section can be applied, both that the contract sued upon shall have been made within the state and that the corporation shall have done business here. Tallapoosa Lumber Co. v. Holbert, 5 App. Div. 559, 39 N. Y. Supp. 432; St. Albans Beef Co. v. Aldridge, 112 App. Div. 803, 99 N. Y. Supp. 398, and cases there cited; Union Trust Co. v. Sickels, 125 App. Div. 105, 109 N. Y. Supp. 262.

It appeared, in the case at bar, from the testimony of the defendant himself, that the order for a considerable part of the goods in question was given by the defendant to a traveling salesman of the plaintiff. This was done in the city of New York. But the taking of an order by a traveling salesman does not ordinarily amount to the making of a contract. 6 Am. & Eng. Ency. of Law (2d Ed.) 227. In the absence of special authority, the order so taken must be accepted by his principals before a contract is consummated, and

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

in the present case the testimony was that this order was mailed to the office of the corporation in Massachusetts and the goods shipped from there. In the absence of any other evidence, it must be held that the order was accepted in Massachusetts and that the contract was made there. Under these circumstances as to such goods the statute was not violated. St. Albans Beef Co. v. Aldridge, 112 App. Div. 803, 99 N. Y. Supp. 398, and cases there cited; Brown Seed Co. v. Richardson, 53 Misc. Rep. 517, 103 N. Y. Supp. 243. The defendant also testified that his order for some part of the goods was mailed by him directly to the plaintiff in Boston. This contract, therefore, also arose in Massachusetts. As to the goods included in these two orders, the plaintiff was therefore entitled to recover, for the contracts were not made within the state.

The right of the plaintiff to recover upon any contracts made within the state is not at all affected by the testimony of the defendant that one L. J. Nunan was employed as traveling salesman by the plaintiff and had an office for the transaction of business at No. 156 Fifth avenue. The mere fact that a traveling salesman of the plaintiff may have had such an office cannot defeat the plaintiff's right to recover (Vaughn Machine Co. v. Lighthouse, 64 App. Div. 138, 71 N. Y. Supp. 799; Fresno Home Packing Co. v. Turle & Skidmore, 60 Misc. Rep. 79, 111 N. Y. Supp. 839), especially in the absence of proof that the plaintiff's officers knew that Nunan maintained such an office or that he conducted business therein for the plaintiff. The defendant further testified that he had examined stocks of the publications of the plaintiff at said office; but since he had only done so "in years gone by, and not latterly," such testimony was of no value whatever on the point in issue.

The judgment should therefore be reversed, and a new trial ordered, with costs to the appellant to abide the event.

DAYTON, J., concurs. LEHMAN, J., concurs, on the ground that the plaintiff was not doing business within the state within the meaning of the statute.