## L. C. PAGE & CO. v. SHERWOOD.

(Supreme Court, Appellate Division, First Department.    October 20, 1911.)

CORPORATIONS (§ 642*)—FOREIGN CORPORATIONS—"DOING BUSINESS WITHIN THE STATE"—CONTRACTS.

A foreign corporation engaged in the publishing business had no office or place of business within the state; but its president and other salesmen would visit the state and take orders from buyers, which orders were sent to the home office, passed upon, and the goods shipped from there, though in a few cases some of the books were bound in the state. *Held*, that this corporation was not "doing business within the state," within General Corporation Law (Consol. Laws 1909, c. 23) §§ 15, 16, which prohibits it from maintaining an action upon any contract made in the state, unless prior to the making of such contract it shall have procured a certificate from the Secretary of State.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2520–2527; Dec. Dig. § 642.*

For other definitions, see Words and Phrases, vol. 3, pp. 2155–2160; vol. 8, pp. 7640, 7641.]

Laughlin, J., dissenting.

Appeal from Appellate Term.

Action by L. C. Page & Co. against Robert E. Sherwood. From a judgment of the Appellate Term (125 N. Y. Supp. 1109), reversing a judgment for plaintiff recovered in Municipal Court, plaintiff appeals. Judgment of Municipal Court reinstated.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and MILLER, JJ.

Edgerton, Allen & Dean (James W. Dean, of counsel), for appellant.

Parker & Aaron (Charles Adkins Baker, of counsel), for respondent.

CLARKE, J. This action was first tried in May, 1909, and resulted in a judgment for the defendant; the court stating:

"This case is decided solely upon the theory and ground that plaintiff was doing business within this state without having complied with section 15 of the general corporation law."

Upon appeal the Appellate Term unanimously reversed this judgment and ordered a new trial. 65 Misc. Rep. 543, 120 N. Y. Supp. 837. Upon said new trial plaintiff recovered judgment for $574.87, which judgment, upon appeal to the Appellate Term, was reversed, and the complaint dismissed. From said determination, upon leave granted by the Appellate Term, this appeal is taken.

The plaintiff is a Massachusetts corporation. Its office and principal place of business is at Boston, Mass. It is a publisher of books. Its books are manufactured and printed in the state of Massachusetts. At the time of the transactions in question, and for many years prior thereto, it had had no office or place of business in the city or state of New York; but from time to time its president, who was the head of its selling department, and another of its salesmen would visit the city of New York, put up at one of the hotels, show samples of its goods, and would take orders from buyers, which orders were sent by mail to the defendant at Boston, where the treasurer of the company passed thereon, and especially in cases where credits were sent in by the travelers. All of the customers who testified to these transactions also said that they also on occasions ordered directly by mail from the Boston office, as well as made their purchases in person at Boston. The books were shipped from Boston upon these orders, except that in a few instances where certain of the samples had been purchased and occasionally, and in a very small percentage of other and previous transactions where plaintiff had procured certain of the goods to be bound in binderies in the city of New York, there had been deliveries from said binderies to the purchasers. Defendant had never had a bank account in the state of New York.

We are satisfied that the case presented is that of orders obtained by traveling salesmen upon exhibition of samples and that the transactions enumerated did not constitute doing business within the state of New York within the meaning of sections 15 and 16 of the general corporation law. In Penn Collieries Co. v. McKeever, 183 N. Y. 98, 75 N. E. 935, 2 L. R. A. (N. S.) 127, Gray, J., said:

"To be doing business in this state implies corporate continuity of conduct in that respect such as might be evidenced by the investment of capital here, with the maintenance of an office for the transaction of its business and those incidental circumstances which attest to corporate intent to avail itself of the privilege to carry on a business"

—and cited in support various cases arising under the tax laws which had interpreted the phrase "doing business within the state" as used

therein. See, also, Talapoosa Lumber Co. v. Holbert, 5 App. Div. 559, 39 N. Y. Supp. 432; Vaughn Machine Co., v. Lighthouse, 64 App. Div. 138, 71 N. Y. Supp. 799.

The determination of the Appellate Term should be reversed, with costs and disbursements, and the judgment of the Municipal Court reinstated.

INGRAHAM, P. J., and McLAUGHLIN and MILLER, JJ., concur. LAUGHLIN, J., dissents.