GILMER BROS. CO., Inc., v. SINGER.

(Supreme Court, Appellate Term, First Department. November 19, 1914.)

CORPORATIONS (§ 642*) — FOREIGN CORPORATIONS — DOING BUSINESS WITHIN
STATE.

Evidence that a foreign corporation had only one salesman in the state, who took orders and transmitted them to the corporation, which, if it accepted the orders, filled them and received payment in its home state, and remitted his commission to the salesman, and that the salesman sometimes adjusted disputes between the company and its customers, and had leased a telephone in the joint names of himself and the corporation, does not establish that the corporation is doing business in the state, so as to be required to take out a license, under General Corporation Law (Consol. Laws, c. 23) §§ 15, 16, and General Tax Law (Consol. Laws, c. 60) § 181.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2520–2527; Dec. Dig. § 642.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by the Gilmer Bros. Company, Incorporated, against Jacob Singer. Judgment for defendant, and plaintiff appeals. Reversed, and new trial ordered.

Argued October term, 1914, before SEABURY, BIJUR, and COHALAN, JJ.

Edward B. Levy, of New York City, for appellant.
Samuel M. Shack, of New York City, for respondent.

PER CURIAM. This action was brought upon a check given by defendant in payment of goods sold and delivered to him by plaintiff. The only defense offered was that the plaintiff was doing business in this state as a foreign corporation, without having complied with sections 15 and 16, General Corporation Law, and section 181, of the General Tax Law.

The testimony shows without dispute that one Cunningham, who is a dry goods broker, was the only salesman of the plaintiff in this state; that he takes orders for merchandise; that his only compensation is the commission paid him by plaintiff upon sales made by him; that he has an office, where he keeps samples for display, the samples belonging to him; that, upon receiving an order for goods, he sends it to the plaintiff, where the credit is passed upon, and the order either accepted or rejected; that, if accepted and the goods are shipped, he gets his commission; and that payment for these goods is made directly to the home office of the corporation in North Carolina. It appears that, in some instances where disputes have arisen between the plaintiff and the customer as to prices, they have been adjusted by Cunningham, and it also appears that the lease of the telephone was made in the name of both the plaintiff and Cunningham; but there is nothing shown in

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the record by which it can reasonably be said that plaintiff is so engaged in doing business within this state as to require a license.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event.