American Can Company, Respondent, *v.* Grassi Contracting Co., Inc., Appellant.

(Supreme Court, Appellate Term, First Department, January, 1918.)

Contracts — action brought by foreign corporation — evidence — trial — pleading.

Corporations — foreign, required to obtain license to do business within the state — contracts — pleading — statutes.

Upon the trial of an action brought by a foreign corporation for goods sold and delivered and in which the answer was a general denial the sale and the agreed price were not disputed but evidence was received tending to show that defendant by the terms of the contract had a right to return the goods without cause " at the end of the fifth of March." Defendant on February twelfth sent a letter to plaintiff offering to return the goods because not satisfactory, which letter plaintiff claims never to have received, and produced other testimony which tended to raise a reasonable doubt as to the probability that such a letter was sent. Held, that in the circumstances the trial judge was justified in deciding the issue of fact in plaintiff's favor.

In the absence of allegation in the complaint that the contract in suit was made in this state and that plaintiff was doing business herein an issue as to such matters must be raised by answer.

A statutory provision which requires a foreign corporation to obtain a license to do business within this state is a condition precedent to the bringing of any action on a contract made by it within the state and compliance with such condition precedent must be alleged and proved at the trial and for failure so to do the complaint must be dismissed even though the answer does not plead noncompliance with the statute as a defense.

Upon testimony that plaintiff is a manufacturer of sheet metal specialties, that it maintains a warehouse and office in this state and salesmen to sell goods, the court must assume, in the absence of proof to the contrary, that plaintiff is a stock corporation.

APPEAL by the defendant from a judgment of the Municipal Court of the city of New York, borough of Manhattan, ninth district, entered in favor of the plaintiff and from an order denying defendant's motion for a new trial.

Maurice J. Dix, for appellant.

John B. Kelly, for respondent.

LEHMAN, J. The plaintiff herein alleges in its complaint that it is a foreign corporation and that it sold and delivered to the defendant certain merchandise of the reasonable value and agreed price of thirty-nine dollars, and that defendant has refused to pay said amount or any part thereof except the sum of three dollars. The answer is merely a general denial. At the trial the sale and delivery to the defendant of the adding machine at the price stated in the complaint was not disputed but the defendant introduced some testimony to show that under the terms of the contract it had the right to return the goods to the plaintiff without cause, " at the end of the 5th of March." On February twelfth defendant sent a letter to the plaintiff offering to return the goods because they were not satisfactory. The plaintiff, however, claims that it never received the letter from the defendant in which it offered to return the goods and produced other testimony which might well raise a doubt as to whether the defendant's story as to the sending of the letter is probable. Under these circumstances the trial judge was justified in deciding the issue of fact in favor of the plaintiff.

The defendant, however, claimed both at the trial and on this appeal that the complaint should have been dismissed because the plaintiff failed to show that it

was authorized to do business in this state prior to the making of the contract. It is to be noted that the complaint does not allege that the contract in suit was made in the state of New York and that the plaintiff is doing business within the state. If the defendant desired to raise an issue as to these matters it was bound to set up these additional facts in its answer. *Angldile Computing Scale Co.* v. *Gladstone,* 164 App. Div. 370.

The defendant, however, claims that these facts appear conclusively from the evidence of the plaintiff admitted as part of the plaintiff's case or on the cross-examination of plaintiff's witness without any objection and that it, therefore, had a right to move to dismiss the complaint on the ground that the plaintiff had failed to make out a cause of action since it had not shown compliance with the statute requiring it to obtain a license to do business in this state.

I have not found any authority where the court directly decided that where the evidence properly admitted shows that the plaintiff is a foreign stock corporation, doing business within this state, and sues upon a contract made within the state, it is required to go a step farther and to prove that it has obtained authorization to do business within the state before the making of the contract, even though no such defense was raised in the answer. There are, however, a number of cases in which apparently the court assumed that such a rule exists. It would seem also that logically such proof would be necessary. The courts have decided that the provision of the statute requiring foreign corporations to obtain a license to do business within the state is not merely a ground for the defense of illegality but is a condition precedent to the bringing of any action on a contract made within the state and that compliance with such condition precedent

must be alleged and proven at the trial.  It would seem, therefore, to follow that when the evidence shows that a foreign corporation is suing upon such a contract it has not made out its cause of action until it has proven compliance with the condition precedent and that the complaint should, therefore, be dismissed even though the answer has not set up such a defense.

Apparently the trial judge in this case adopted this view of the law but held that there was no evidence to show that the plaintiff was a stock corporation.  The evidence does, however, show that the plaintiff is a manufacturer of sheet metal specialties; that it maintains a warehouse and office in this state and salesmen to sell its goods.  From these facts, in the absence of proof to the contrary, the court must assume that the plaintiff is a stock corporation.  *Manufacturer's Commercial Co.* v. *Blitz,* 131 App. Div. 17.

It is now urged that the record does not show conclusively that the plaintiff was doing business in the state or that the contract was made here.  It seems to me that neither of these contentions is sound.

The plaintiff's witness testified that the contract was signed in New York and that the goods were then left with the defendant upon the signing of the contract.  From these facts it must follow that the contract was made here.  It is true that the contract contains a printed clause that it is subject to the approval of the plaintiff but there is no evidence that such approval was to be given in Chicago and the fact that the goods described in the contract immediately left with the defendant when signed by him shows that the contract became effective upon such signing.  The evidence further shows that the plaintiff maintains a regular warehouse in New York and that all contracts are made in New York or all materials delivered from the New York warehouse.  In the absence of other facts

the inference must be drawn, as a matter of law, that the plaintiff is doing business in this state.

It follows that the plaintiff has failed to make out a cause of action without proof that it had obtained a license to do business in this state before the contract was made. The judgment should be reversed and a new trial ordered, with thirty dollars costs to the appellant to abide the event.

Judgment reversed and new trial ordered, with costs to appellant to abide event.