William T. McDowell, Appellant, *v.* Starobin Electrical Supply Co., Inc., Respondent.*

(Supreme Court, Appellate Term, First Department, July, 1918.)

General Corporation Law, § 15 — foreign corporation — meaning of "doing business in this state" — contracts — sales — when dismissal of complaint error.

Section 15 of the General Corporation Law only applies when a foreign corporation is doing business in this state and the contract is made therein.

"Doing business in this state" implies corporate continuity of conduct in the doing of regular business in the customary way with a place of business of some kind in the state.

That salesmen solicit business here is not in itself "doing business in this state" within the meaning of the statute.

Where a written order for goods was delivered to a salesman of plaintiff's assignor, a New Jersey corporation, at defendant's office in New York city, and accepted after being sent to its office in New Jersey and the goods were shipped from there to defendant in New York, the dismissal of the complaint in an

* Received too late for insertion in proper place.—[Repr.]

action to recover the purchase price is error; the vendor was not doing business within this state and the contract was not made therein within the meaning of the statute.

APPEAL by plaintiff from a judgment of the Municipal Court of the City of New York, borough of Manhattan, first district, in favor of defendant, dismissing the complaint for failure of proof, after a trial before the court without a jury.

L. A. Malkiel, for appellant.

Sobel & Brand, for respondent.

PENDLETON, J.    The action is for goods sold and delivered and brought by the assignee of a foreign corporation, the original vendor.    After proof of plaintiff's cause of action the complaint was dismissed on the ground that plaintiff's assignor had not obtained the certificate required by section 15 of the General Corporation Law, which provides that '' No foreign stock corporation doing business in this state shall maintain any action in this state upon any contract made by it in this state, unless prior to the making of such contract it shall have procured such certificate. This prohibition shall also apply to any assignee of such foreign stock corporation and to any person claiming under such assignee or such foreign stock corporation or under either of them.''

It is uncontradicted that the American Metal Moulding Company, plaintiff's assignor, is a New Jersey corporation having its place of business in New Jersey, that it has no office or place of business of any kind in New York, but sells here by salesmen who come over and solicit trade from customers in this state.    The

order for the goods in question was in writing and delivered in defendant's office in New York to a salesman of the vendor and accepted by the vendor after being sent to its office in New Jersey and the goods were thereafter shipped from New Jersey to defendant in New York. Foreign corporations may sue in this state as domestic corporations except where otherwise prescribed by law. Code Civ. Pro., § 1779. The above section of the General Corporation Law only applies where the foreign corporation is doing business in this state and the contract is made here. Doing business in this state implies corporate continuity of conduct in the doing of regular business in the customary way with a place of business of some kind in the state. That salesmen solicit business here is not in itself doing business in this state within the meaning of the statute. *Angldile Computing Scale Co.* v. *Gladstone,* 164 App. Div. 370; *Gilmer Bros. Co., Inc.* v. *Singer,* 149 N. Y. Supp. 904; *Page & Co.* v. *Sherwood,* 146 App. Div. 618; *Penn Collieries Co.* v. *McKeever,* 183 N. Y. 98. Although the order was delivered to a salesman in New York, it was accepted in New Jersey and the goods shipped from there. In *American Can Co.* v. *Grassi Contracting Co., Inc.,* 102 Misc. Rep. 230, the contract was signed in New York and the goods delivered there at the same time and the corporation maintained a regular warehouse in New York, from which all deliveries were made and its contracts were habitually made in New York. It was held that the corporation was doing business and the contract was made within this state. None of the special circumstances relied on in that case are present here.

As plaintiff's vendor was not doing business within this state and the contract was not made here within the meaning of the statute, the dismissal of the complaint was error, and judgment must be reversed and

Misc.]    Appellate Term, First Department, July, 1918.

a new trial ordered, with thirty dollars costs to appellant to abide the event.

LEHMAN and FINCH, JJ., concur.

Judgment reversed and new trial ordered, with costs to appellant to abide event.