SPIEGEL, MAY, STERN CO., Plaintiff, *v.* JOSEPH MITCHELL, Defendant.

Supreme Court, Oswego County, May 8, 1925.

Corporations — foreign corporations — action by foreign corporation having its principal place of business outside of State to recover for goods sold and delivered to defendant — failure of complaint to allege compliance with Stock Corporation Law of 1923, § 110, subd. 1 — if complaint does not show plaintiff is foreign stock corporation or that it was doing business within State, pleading may not be dismissed for failure to allege procurement of certificate under Stock Corporation Law of 1923, § 110, subd. 1 — said defense must be raised by answer to be available — failure of complaint to recite that plaintiff has office within State or is doing business here bars dismissal of pleading for insufficiency — sale to defendant not such as to constitute " doing business in this State " by plaintiff.

The failure of a complaint to allege a compliance with the provisions of subdivision 1 of section 110 of the Stock Corporation Law of 1923 warrants the dismissal of an action by a foreign stock corporation, doing business in this State, other than a moneyed corporation, to recover upon any contract made by it within the State. However, if the complaint does not show upon its face that the plaintiff is a foreign stock corporation or that it was doing business within the State, or that the contract in question was made here, the pleading cannot be dismissed upon motion for failure to allege the procurement of a required certificate, pursuant to the aforesaid provision of the Stock Corporation Law of 1923. That defense, to be available, must be raised by answer.

Accordingly, the failure of plaintiff's complaint, in an action to recover for goods sold and delivered to the defendant, to recite that the plaintiff, a foreign corporation, having its principal place of business outside of the State, has an office within the State or is doing business here, precludes the dismissal of the pleading for failure to state facts sufficient to constitute a cause of action, because of the absence of an allegation that the plaintiff has procured the certificate of authority to do business in this State required by subdivision 1 of section 110 of the Stock Corporation Law of 1923. The fact that the defendant made one sale within the State does not constitute " doing business in this State " within the meaning of the statute.

MOTION by defendant to dismiss the complaint upon the ground that it does not state facts sufficient to constitute a cause of action.

*Thomas L. McKay,* for the plaintiff.

*L. W. Baker,* for the defendant.

EDGCOMB, J.:

The complaint alleges that the plaintiff is a foreign corporation, organized and existing under and by virtue of the laws of the State of Illinois, and that its principal place of business is in Chicago, and that it sold and delivered to the defendant certain goods, wares and merchandise of the value of $91.80, no part of which has been paid except the sum of $19.80.

Defendant insists that the complaint fails to state facts sufficient to constitute a cause of action because of the absence of an allegation that the plaintiff has procured the certificate of authority to do business in this State required by section 110 of the Stock Corporation Law of 1923 (as amd. by Laws of 1924, chap. 441).*

The Legislature has seen fit to require a foreign stock corporation, other than a moneyed corporation, to comply with certain conditions before it can lawfully do business in this State. As a penalty for the disobedience of such provision the corporation is forbidden the right to maintain an action in any of the courts of this State upon any contract made by it within the State. The certificate authorized by section 15 of the General Corporation Law† is conclusive evidence that the corporation has complied with the mandates of the statute, and must be procured before the making of the contract, or else the doors of the courts of this State are closed to the corporation.

It is well settled that, where a complaint shows upon its face that the action is brought by a foreign stock corporation doing business in this State, other than a moneyed corporation, to recover upon any contract made by it within the State, in order to state a good cause of action the pleading must allege that the plaintiff has complied with the provisions of section 15 of the General Corporation Law, and that if the pleading fails so to do, it may be dismissed for failure to state a cause of action. (*Wood & Selick* v. *Ball,* 190 N. Y. 217; *Welsbach Co.* v. *Norwich Gas & El. Co.,* 96 App. Div. 52; affd., 180 N. Y. 533.)

It is equally well settled that if it does not appear from the complaint itself that the plaintiff is a foreign stock corporation, or that it was doing business in this State, or that the contract in question was made here, the pleading cannot be dismissed on

* Formerly section 15 of the General Corporation Law, repealed by Laws of 1923, chap. 787.— [REP.

† Now section 110 of the Stock Corporation Law of 1923, as amd. by Laws of 1924, chap. 441.— [REP.

motion because of a failure to allege the procurement of the required certificate. That defense to be available must be raised by answer. (*Angldile Computing Scale Co.* v. *Gladstone*, 164 App. Div. 370; *Union Trust Co.* v. *Sickels*, 125 id. 105; *Am. Can Co.* v. *Grassi Contracting Co., Inc.*, 102 Misc. 230.)

It, therefore, becomes necessary to examine the complaint to ascertain whether its allegations bring the plaintiff within the provisions of the statute. There is no direct allegation that the plaintiff is a stock corporation, or that it is not a moneyed corporation. However, the allegation that the plaintiff is engaged in the general merchandise business is doubtless sufficient to warrant the assumption that it is not only a stock corporation, but not a moneyed one. (*Manufacturers' Commercial Co.* v. *Blitz*, 131 App. Div. 17; *American Can Co.* v. *Grassi Contracting Co., Inc., supra.*)

It will be noted that there is no allegation that the plaintiff has an office within the State of New York, or that it is doing business within the State, except that it is stated that the goods in question were sold and delivered at Oswego.

In order to take advantage of the penalty prescribed by the statute the contract sued upon must not only have been made within the State, but the corporation must be doing business here.

There is nothing in the complaint which shows, or from which it can be said, that the plaintiff is doing business within this State within the meaning of this statute. One sale does not constitute " doing business." (*Penn Collieries Co.* v. *McKeever*, 183 N. Y. 98; *Angldile Computing Scale Co.* v. *Gladstone, supra; Page & Co.* v. *Sherwood*, 146 App. Div. 618; *Kline Bros. & Co.* v. *German Union Fire Ins. Co.*, 147 id. 790; *Cummer L. Co.* v. *Associated Mfrs. Mutual Fire Ins. Corp.*, 67 id. 151; affd., 173 N. Y. 633; *Haddam Granite Co.* v. *Brooklyn Heights R. R. Co.*, 131 App. Div. 685; *McDowell* v. *Starobin Elec. Supply Co., Inc.*, 104 Misc. 596.)

The expression " doing business in this State," as used in the statute here under consideration, has been defined by the Court of Appeals in *Penn Collieries Co.* v. *McKeever* as implying " corporate continuity of conduct in that respect; such as might be evidenced by the investment of capital here, with the maintenance of an office for the transaction of its business, and those incidental circumstances, which attest the corporate intent to avail itself of the privilege to carry on a business."

It was held in *McDowell* v. *Starobin Elec. Supply Co., Inc. (supra)* that the fact that various salesmen of a foreign corporation solicited business within the State did not show that the corporation was " doing business " within the State.

In *Haddam Granite Co., Inc.,* v. *Brooklyn Heights R. R. Co.*

(*supra*) plaintiff, a foreign corporation, sued upon a contract to deliver to defendant in this State paving stones from time to time over a period of ten months. Held, that the plaintiff was not " doing business " within the meaning of that term as used in the General Corporation Law.

In *Page & Co.* ⅋ *Sherwood* (*supra*) a foreign corporation which had never obtained the certificate required by section 15 of the General Corporation Law was permitted to maintain an action in the courts of this State on a contract for the sale of books shipped to a resident of this State, on an order taken by a traveling salesman who exhibited samples in this State and sent the order to the home office in a foreign commonwealth to be filled, the plaintiff having no office or bank account in New York.

The complaint, therefore, does not show that plaintiff was doing business within the State.

*Wood & Selick* v. *Ball* (*supra*) is not decisive here, as urged by defendant's counsel. It is true that a demurrer was sustained in that case, and that the complaint in that action, as here, alleged that the goods in question were sold and delivered to the defendant within the State. It was alleged in the complaint in that action that the principal place of business of the plaintiff was in New York city. The corporation was, therefore, doing business within this State. The principal place of business of the plaintiff in the action at bar is in Chicago, and it does not appear that it has any office in New York. Outside of the one sale in question there is nothing to indicate that the plaintiff ever transacted any business within the State.

Motion denied, with costs.