(53 Misc. Rep. 470)

### VIO CHEMICAL CO. v. STUDHOLME.

(Supreme Court, Trial Term, Cattaraugus County.    March 26, 1907.)

1. SALES—ACTION FOR PRICE—CONDITIONS PRECEDENT.

    Where plaintiff sells articles to defendant to be paid for in 30 days, performance of its agreement, in the contract of sale, to run 500 to 1,000 inches of advertising of the articles in a paper within a year, is not a condition to its right to sue for the price.

2. CORPORATIONS—FOREIGN CORPORATIONS—DOING BUSINESS IN STATE.

    A foreign corporation by soliciting and taking orders in the state by commercial travelers, having no capital employed, or goods stored, or branch office, in the state, is not "doing business within" the state, so as to require it, under Corporation Law, Laws 1892, pp. 1805, 1806, c. 687, §§ 15, 16, to obtain a certificate in order to maintain an action.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 12, Corporations, §§ 2520–2527.]

Action by the Vio Chemical Company against Foster Studholme. Judgment for plaintiff.

Fred L. Eaton, for plaintiff.
M. B. Jewell, for defendant.

POUND, J. The defendant, a retail dealer in drugs in the city of Olean, N. Y., and the plaintiff, an Illinois stock corporation, entered into an agreement in writing in Olean, N. Y., on the date thereof, which reads as follows:

Town: Olean.  County: Cattaraugus.  State: N. Y.
Ship by ——.               Date: Sept. 13, 1905.
Vio Chemical Co., Chicago, Ill.
Please ship to us f. o. b. Chicago, the following goods, which we agree to pay for in 30 days from date of shipment:

| Article. | Price per gross. |
| --- | --- |
| 3 gross Pepsoids | $ 48 00 |
| ½ " Vitaloids | 48 00 |
| 2 " Liveroids | 24 00 |
| 1,000 Books, | |

To run to 500 to 1,000 inches of advertising in the Daily Times within one year.

Retail Agency Agreement:

The Vio Chemical Co., of Chicago, Ill., hereby appoints Foster Studholme (hereafter named the Retail Dealer) one of its distributing agents, and agrees to give such retail dealer the exclusive advertising in the following territory, viz.: Olean, for one year from this date.

The Vio Chemical Co., further agrees to mail 150 Pepsoids, 100 Liveroids, 50 Vitaloids orders to patients designated by the retail dealer on mailing list furnished by him, for an approval package of one of the above mentioned preparations, and agrees to replace all packages so obtained from retail dealer free of charge to him, on return of orders, reserving only the right to replace them in lots of not less than 6 packages at one time.

The Vio Chemical Co., further agrees to give the retail dealer the benefit of all special advertising done in his territory which is not enumerated above.

The retail dealer agrees not to sell or furnish said medicines to any person, firm or corporation in single packages at less than the retail price marked on the package, or in lots of 6 packages at one sale, and on one delivery, at the aggregate of the price of 5 single packages; provided that said retail dealer shall and will not at any price sell or furnish said preparations (all of which are numbered serially) to any wholesale or retail dealer who is not an accredited agent of the Vio Chemical Co.

This order is not subject to countermand, and there are no other agreements, verbal or otherwise, not expressed herein, and is to take effect upon being signed by the retail dealer, who has retained a duplicate hereof.

Foster Studholme, Retail Dealer.

Vio Chemical Co.,
G. G. Hitchcock, Salesman.

The goods were delivered as ordered, but defendant failed to pay for same in 30 days from date of shipment as provided by the contract, and plaintiff sues to recover the agreed price thereof. Defendant pleads as a defense the failure of the plaintiff to perform on its part its agreements as to advertising. Defendant neither pleads nor proves any damages sustained by him by the failure of plaintiff to advertise in accordance with the terms of the contract.

Plaintiff rests on proof, of delivery of goods and defendant's failure to pay therefor. These facts established, the plaintiff is entitled to recover. The performance by the plaintiff of its agreement to run 500 to 1000 inches of advertising in the Daily Times within one year, etc., was not and could not be a condition precedent to liability of defendant on his promise to pay for the goods within 30 days from date of shipment. Defendant's promise to pay is absolute and dependent only on the receipt of goods as ordered.

"Where a time is definitely fixed for the performance of one promise, and no date assigned for the performance by the other—if A. and X. agree that A. will buy X.'s property and pay for it on a certain day, and no day is fixed for the conveyance by X., then X. may sue for the money, in default of payment on the day named, and need not aver that he has conveyed or offered to convey the lands." Huffcut's Anson on Contract (1st Am. Ed.) 362.

"Where, by the terms of the contract, the time to perform the covenant on the one side is to arrive or may arrive before the time for the performance of the covenant on the other side, the former is not dependent on the latter." 9 Cyc. 642.

Plaintiff had not complied with the provisions of sections 15 and 16, of the general corporation law (Laws 1892, pp. 1805, 1806, c. 687), relative to foreign corporations "doing business" in this state. But soliciting and taking orders within the state by commercial travelers is not "doing business within this state" within the meaning of the act where plaintiff has no capital employed, nor goods stored, nor branch office within the state. It is therefore entitled to maintain this action. Penn Collieries Co. v. McKeever, 183 N. Y. 98, 75 N. E. 935, 2 L. R. A. (N. S.) 127.

The plaintiff is entitled to judgment for the amount demanded in the complaint, and interest thereon from 30 days from date of shipment.