COMMERCIAL COAL & ICE CO. v. POLHEMUS (two cases).

(Supreme Court, Appellate Division, Second Department.    October 22, 1908.)

1. CORPORATIONS — FOREIGN CORPORATIONS—CARRYING ON BUSINESS WITHIN STATE.

A loan by a foreign corporation engaged solely in the wholesale ice business does not constitute a contract upon which a recovery is forbidden by General Corporation Law (Laws 1892, p. 1805, c. 687) § 15, unless a certificate authorizing it to do business shall have been procured under section 15 and the license fee paid under section 181 of the tax law (Laws 1896, p. 856, c. 908).

[Ed. Note.—For cases in point, see Cent. Dig. vol. 12, Corporations, §§ 2520–2527, 2536–2548.]

2. SAME.

A loan by a foreign corporation engaged solely in the wholesale ice business, which was not in any manner connected with its business, is not within the operation of General Corporation Law (Laws 1892, p. 1805, c. 687) § 15, forbidding such a corporation to maintain an action on any contract unless it shall have procured a certificate under section 15 and paid a license fee under section 181 of the tax law (Laws 1896, p. 856, c. 908).

[Ed. Note.—For cases in point, see Cent. Dig. vol. 12, Corporations, §§ 2520–2527, 2536–2548.]

Appeal from Municipal Court, Borough of Brooklyn, Fifth District.

Two actions by the Commercial Coal & Ice Company against Charles W. Polhemus. Judgments for plaintiff, and defendant appeals. Judgment in each case affirmed.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and RICH, JJ.

Stephen Callaghan, for appellant.
Nelson Zabriskie, for respondent.

RICH, J. Separate appeals are taken in the above-entitled actions from judgments of the Municipal Court in actions brought to recover money loaned by the respondent to the appellant. The appeals involve the same questions and rest upon the same evidence. There is no controversy upon the facts, and but a single question of law is presented for our consideration.

The plaintiff is a foreign stock corporation whose principal business is transacted in the borough of Brooklyn, in this state. It is engaged in selling ice at wholesale, and is not interested in any other business. Upon a statement made to its secretary and treasurer by the appellant that he was in distress and needed money, and at his request, the respondent loaned him $500 in 1905 and $330 in 1906. There was no written agreement between the parties and no further conversation between them relating to the transaction, except that defendant promised to pay. The sole defense is that the respondent did not procure a certificate from the Secretary of State authorizing it to do business in this state, as required by section 15 of the general corporation law (Laws 1892, p. 1805, c. 687), and did not pay the license fee required by section 181 of the tax law (Laws 1896, p. 856, c. 908);

and it is contended that it was precluded from maintaining these ac-
tions by the provision contained in said section 15 that:

"No foreign stock corporation doing business in this state shall maintain
any action in this state upon any contract made by it in this state, unless
prior to the making of such contract it shall have procured such certificate."

The trial court overruled this contention and rendered judgments
for the plaintiff.

To bring into operation the statutory provision relied upon by the
appellant, the action brought by the corporation must be based upon
a contract made by it in this state, and such contract must be con-
nected with or incidental to the business it is carrying on.  The ac-
tions are based upon unilateral contracts by which the appellant either
expressly or impliedly agreed to repay the loans made.  The corpora-
tion made no agreement or contract.  Its sole act was the handing
of its money to the appellant.  This transaction does not constitute
a contract upon which a recovery is forbidden by the statute.  Tal-
lapoosa Lumber Co. v. Holbert, 5 App. Div. 559, 39 N. Y. Supp.
432.  Nor was the transaction in any manner connected with or inci-
dental to the business of wholesaling ice, which was the sole business
carried on by the corporation.  The cases cited by counsel for the ap-
pellant are based upon contracts made by the corporation in the
transaction of its usual and general business, and are not applicable
to the questions here presented.  No such narrow or unjust policy
was intended to be created by the statute.

The judgment in each case must be affirmed, with costs.  All
concur.