RUNDLE SPENCE MFG. CO. v. GAINSBOROUGH CONST. CO. et al.

(Supreme Court, Appellate Term.   July 1, 1910.)

CORPORATIONS (§ 642*)—FOREIGN CORPORATIONS—"DOING BUSINESS."

A foreign corporation transacting business in a sister state, from which its goods are shipped and in which payments are received, is not "doing business" in New York, within General Corporation Law (Consol. Laws, c. 23) § 15, requiring foreign corporations to procure a certificate authorizing it to do business in the state, though a witness called by the corporation inadvertently stated that he was an official transacting all the business of the corporation, while he was only its resident salesman doing the business which the corporation did in the state.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2520–2527; Dec. Dig. § 642.*

For other definitions, see Words and Phrases, vol. 3, pp. 2155–2160; vol. 8, pp. 7640, 7641.]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by the Rundle Spence Manufacturing Company against the Gainsborough Construction Company and another. From a judgment dismissing the complaint, plaintiff appeals. Reversed and remanded.

Argued before SEABURY, GUY, and BIJUR, JJ.

Bernard S. Deutsch, for appellant.

Van Mater & Stilwell, for respondents.

PER CURIAM. Plaintiff, a foreign corporation, sued upon a promissory note. The complaint was dismissed on the ground that the plaintiff failed to show compliance with section 15 of the general corporation law (Consol. Laws, c. 23) by procuring a certificate authorizing it to do business in the state. Plaintiff's first witness testified as follows:

"Q. You are the president and manager of the plaintiff corporation?  A. I am.  Q. And you transact all the business for the plaintiff corporation in the state of New York in the city of New York?  A. I do."

The cross-examination opens as follows:

"Q. Are you an officer of the plaintiff corporation?  A. No, sir.  Q. What position do you occupy in the corporation?  A. I am the resident salesman for the eastern territory."

On these passages in the record it is claimed that defendants are bound by the witness' admission that he was an officer, and that the company was actually doing business in the state within the language of the statute. It is perfectly evident that the witness' admission that he was an official was either an inadvertence or a typographical error in the record; and the statement that he does all the business of the company, etc., evidently means that *he* does all the business which the company does in this state. It by no means follows, therefore, that the company, although in common parlance, doing business in this state, does business within the meaning of the statute as construed by our courts. Indeed, it appears from the testimony that the plaintiff's busi-

ness is transacted in Wisconsin, from which state the goods are shipped, and in which payments are received.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.