plaintiff appears to have been entirely reasonable in granting extensions of time. The amended complaint, a copy of which must have been served with the moving papers (Stern v. Knapp, 52 N. Y. Super. Ct. 14), was regularly in the hands of the defendants, for the order provided that "said motion be granted and that the proposed amended complaint, filed herein, supersede the complaint already filed in this action," so that the suggestion of the defendants that they have never been served with the complaint in this action is untenable.

[2] The rule is, where the amendment of a complaint is made by order of the court, that the order should direct that the proposed pleading should be served, or should stand as the new pleading in the case, and the party will be confined to the pleading proposed by his motion papers. 1 Rumsey's Practice, 367, and authority there cited.

[3] The rule requiring a copy of the proposed pleadings to be served with the motion papers, supplemented by the order that the proposed amended complaint supersede the original complaint, is certainly sufficient service, and, the defendants not having shown any sufficient reason for granting a motion to open a default, the decision of the court below is proper.

The appeal should be dismissed, with costs. All concur.

---

ALPHA PORTLAND CEMENT CO. v. SCHRATWIESER FIREPROOF CONST. CO.

(Supreme Court, Appellate Division, Second Department. October 6, 1911.)

CORPORATIONS (§ 672*)—ACTION BY FOREIGN CORPORATIONS—PLEADING—COMPLIANCE WITH STATUTORY PROVISIONS.

The complaint in an action on a note alleged that plaintiff was a New Jersey corporation, that the defendant was a New York corporation, that it executed the note set forth, and that there was an amount due thereon to plaintiff; but there were no allegations of the time and place of its delivery, what it was given for, where the transaction out of which it arose took place, or that the plaintiff was doing business in New York or had any office there. *Held* that, as there was nothing in the allegations warranting the presumption that plaintiff was doing business in New York, the complaint stated a cause of action, since a recovery was authorized without proof that plaintiff had complied with the statutory provision entitling it to transact business in the state.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2645–2649; Dec. Dig. § 672.*]

Appeal from Municipal Court, Borough of Brooklyn, Sixth District.

Action by the Alpha Portland Cement Company against the Schratwieser Fireproof Construction Company. From a judgment of the Municipal Court of the City of New York dismissing its complaint, plaintiff appeals. Reversed, and new trial ordered.

Argued before BURR, THOMAS, CARR, WOODWARD, and RICH, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Louis H. Porter (William C. Dodge, on the brief), for appellant.
George E. Miner, for respondent.

RICH, J. This appeal is from a judgment of the Municipal Court, dismissing the plaintiff's complaint before the cause was opened or any evidence given, upon the ground that it contained no allegation that the plaintiff had complied with the provisions of section 15 of the general corporation law (Consol. Laws 1909, c. 23), by procuring the certificate authorizing it to do business in this state, and that because of such omission the complaint did not state facts sufficient to constitute a cause of action.

The plaintiff's cause of action is upon a promissory note in the usual form, dated at Brooklyn, in this state. The complaint alleges that the plaintiff is a foreign corporation duly organized and existing under the laws of the state of New Jersey; that the defendant is a corporation organized and existing under the laws of the state of New York; that on the 21st day of December, 1910, the defendant executed the note which is set forth in full; that at maturity it was presented at the Brooklyn bank where it was made payable, for payment; that plaintiff is still its owner; that no part thereof has been paid; and that $296.35 is due and unpaid thereon. There is no allegation of the time and place of its delivery, what it was given for, where the transaction out of which it arose took place, or that the plaintiff is doing business in this state or has any office therein. For all that appears on the face of the complaint, a recovery was authorized without proof that plaintiff had complied with the statutory provision entitling it to transact business in this state. Commercial Coal & Ice Co. v. Polhemus, 128 App. Div. 247, 112 N. Y. Supp. 646; Penn Collieries Co. v. McKeever, 183 N. Y. 98, 75 N. E. 935, 2 L. R. A. (N. S.) 127; Stone v. Penn Yan, K. P. & B. Railway, 197 N. Y. 279, 90 N. E. 843, 134 Am. St. Rep. 879; Vio Chemical Co. v. Studholme, 53 Misc. Rep. 470, 103 N. Y. Supp. 463; Brown Seed Co. v. Richardson, 53 Misc. Rep. 517, 103 N. Y. Supp. 243; Haddam Granite Co. v. Brooklyn Heights R. R. Co., 131 App. Div. 685, 116 N. Y. Supp. 96; Union Trust Co. v. Sickles, 125 App. Div. 105, 109 N. Y. Supp. 262; New York Architectural Terra Cotta Co. v. Williams, 102 App. Div. 1, 92 N. Y. Supp. 808; Rundle Spence Mfg. Co. v. Gainsborough C. Co. (Sup.) 123 N. Y. Supp. 785; Singer Mfg. Co. v. Granite Spg. Water Co., 66 Misc. Rep. 595, 123 N. Y. Supp. 1088. The complaint upon its face alleged a good cause of action. There was nothing before the trial court warranting the presumption that the plaintiff was doing business in this state, and until such fact appeared in some form the dismissal of the complaint was unauthorized.

The court based his ruling upon Manufacturers' Commercial Co. v. Blitz, 131 App. Div. 17, 115 N. Y. Supp. 402; but that decision rests upon the fact that the corporation was doing business in this state and that the contract sued upon was made here. It had an office in the city of New York, at which the note sued on was made payable. The case is not an authority in favor of the contention here made.

Nor does Wood & Selick v. Ball, 190 N. Y. 217, 83 N. E. 21, aid the respondent, as in that case it appeared from the complaint that the plaintiff was a foreign corporation "having its principal office for the transaction of business in the city of New York," and that the cause of action was for goods, wares, and merchandise sold and delivered to defendant by plaintiff at Watertown, N. Y. In Welsbach Co. v. Norwich Gas & Electric Co., 96 App. Div. 52, 89 N. Y. Supp. 284, which the Wood Case followed, the complaint contained the same allegations, thus showing upon its face the existence of all of the conditions which under the provisions of the statute made it obligatory upon the plaintiff, in order to allege a cause of action, to aver the procurement of the statutory certificate, and it follows that the dismissal of the complaint was reversible error. St. Albans Beef Co. v. Aldridge, 112 App. Div. 803, 805, 99 N. Y. Supp. 398.

The judgment of the Municipal Court is reversed, and a new trial ordered; costs to abide the event. All concur.