1. CORPORATIONS (§ 672*)—FOREIGN CORPORATIONS—ACTIONS—COMPLAINT—REQUISITES.

A complaint in an action by a foreign corporation, which shows that the corporation is a foreign stock corporation doing business in the state, and that the contract sued on was made within the state, is demurrable, unless it shows compliance by the corporation with the law regulating foreign stock corporations, but it will be presumed that the contract was not made within the state, and that the corporation is not doing business in the state, unless the complaint shows otherwise.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2645–2649; Dec. Dig. § 672.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. CORPORATIONS (§ 642*)—FOREIGN CORPORATIONS—"DOING BUSINESS IN STATE."

A foreign corporation had its principal office in a sister state where its goods were manufactured. An order for goods was signed in New York addressed to the corporation at its home office; the order not being signed by the corporation or any one in its behalf. The company maintained no office in New York. The goods were shipped to the buyer, who signed notes for the price and an agent of the corporation transmitted them to the home office. *Held*, that the corporation was not doing business within the state within General Corporation Law (Laws 1890, c. 563, as re-enacted by Laws 1892, c. 687, and amended by Laws 1901, cc 96, 538, and Laws 1904, c. 490) § 15, prohibiting foreign corporations from doing business in the state without procuring a certificate.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2520–2527; Dec. Dig. § 642.*

For other definitions, see Words and Phrases, vol. 3, pp. 2155–2160; vol. 8, pp. 7640–7641.]

Appeal from Municipal Court, Borough of Queens, Fourth District.

Action by the Acorn Brass Manufacturing Company against Charles Rutenberg. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial ordered.

Argued before JENKS, P. J., and BURR, THOMAS, WOODWARD, and RICH, JJ.

Kennedy & Herzog, for appellant.
Henry C. Frey, for respondent.

BURR, J. The Acorn Brass Manufacturing Company is a foreign corporation organized under the laws of the state of Illinois. About October 30, 1908, it entered into a contract with defendant to sell and deliver to him a soda water fountain. At the time of the sale the statute provided:

"No foreign stock corporation doing business in this state shall maintain any action in this state under any contract made by it in this state unless prior to the making of such contract it shall have procured such certificate." General Corporation Law (Gen. Laws, c. 35 [Laws 1890, c. 563], as re-enacted by Laws 1892, c. 687, § 15, as amended Laws 1901, cc. 96, 538; Laws 1904, c. 490.)

The certificate referred to must be procured from the Secretary of State, and must be to the effect that such corporation, if other than a moneyed corporation, has complied with all the requirements of law to authorize it to do business in this state, and that the business of the corporation to be carried on in this state is such as may be lawfully carried on by a corporation incorporated under the laws of this state for such or similar business. Id. section 15.

[1] Before the obtaining of such certificate becomes a material fact in connection with such an action, two things must concur: The corporation must be a foreign stock corporation doing business in this state, and the contract which is the basis of the action must have been made within this state. If the existence of these conditions precedent appears upon the face of the complaint, then such complaint is demurrable, unless it contains a further allegation that the provi-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

sions of the statute above referred to have been complied with. Welsbach Co. v. Norwich Gas & El. Co., 96 App. Div. 52, 89 N. Y. Supp. 284, affirmed 180 N. Y. 533, 72 N. E. 1152; Wood & Selick v. Ball, 190 N. Y. 217, 83 N. E. 21. If this does not appear, this necessity does not exist. In such case, until the contrary is shown, it must be presumed that the contract was not made within this state, and that the corporation is not doing business here. Otherwise the requirements of the statute would be extended to every foreign stock corporation seeking to enforce a cause of action in our courts. Southworth v. Morgan, 143 App. Div. 648, 128 N. Y. Supp. 196.

The learned justice of the Municipal Court dismissed plaintiff's complaint upon the ground that the contract sued upon was made within this state. Upon the evidence adduced this is a debatable question, but if we assume, for the sake of the argument, that such is the fact, plaintiff should not have been dismissed, for it affirmatively appears that it was not doing business within this state. So far as the evidence discloses, this is the only transaction in the nature of a sale in which plaintiff had engaged within this state. ·

[2] The preliminary negotiations for the purchase and sale of the soda fountain were had between defendant and one Gleichenhaus. These negotiations were had at an office at No. 403 Broome street, in the borough of Manhattan. Gleichenhaus' undisputed testimony is that plaintiff paid nothing for the maintenance of this office. That upon the office sign his name appeared in large letters at the top, and that below, in letters of a smaller size, appeared the words "Sanitary Soda Fountain," "Acorn Brass Manufacturing Company," "Soda Fountain Appliances," and "Soda Fountains." At this office he had "five soda fountain samples, and small articles, a good many of them." It does not clearly appear whether all of these sample fountains were of plaintiff's manufacture, but the witness testified that plaintiff had no goods there, and that he was then engaged in selling soda fountains and different things for other concerns. The only testimony as to whether plaintiff had an office in New York, or a bank account there, was negative testimony from this witness that he did not know of any. Plaintiff's principal office was in Chicago, and their goods were manufactured there.

On the day in question, at this office, defendant signed a paper, partly written and partly printed, entitled "Order Blank," which was addressed to plaintiff at Chicago, Ill., and requested it to ship to him via Michigan Central Railroad, at an address given in Astoria, L. I., a soda fountain, describing it. The paper stated that the price was to be $428.50, and that inclosed with the paper was a check for $85.20, part of the purchase price. It contained provisions for the payment of the balance in monthly installments, commencing January 15, 1909. This paper was not signed by the plaintiff, or by any one in its behalf. When this paper was signed, defendant delivered same with a check to Gleichenhaus, who forwarded it to plaintiff at Chicago, and never saw it again until the date of the trial. Some time later the fountain was shipped to defendant, and defendant signed notes for the payments to become due, secured by a chattel mortgage on it. These

notes and mortgage were signed at the same place and sent to plaintiff at Chicago by Gleichenhaus, who testified that he had never seen them subsequently. He testified that he received "his profit" on the sale of the fountain, and it appeared that there was an agreement in writing between the plaintiff and the witness relative to his compensation for selling their goods, but this agreement was not produced nor offered in evidence.

The following authorities sustain the position that we have taken, that, under the circumstances here disclosed, the plaintiff was not doing business within this state: Vaughn Machine Co. v. Lighthouse, 64 App. Div. 138, 71 N. Y. Supp. 799; Cummer Lumber Co. v. Associated Mfr's Ins. Co., 67 App. Div. 151, 73 N. Y. Supp. 668; St. Albans Beef Co. v. Aldridge, 112 App. Div. 803, 99 N. Y. Supp. 398; E. T. Burrowes Co. v. Caplin, 127 App. Div. 317, 111 N. Y. Supp. 498; J. L. White Furnace Co. v. C. W. Miller Transfer Co., 131 App. Div. 559, 115 N. Y. Supp. 625; Penn Collieries Co. v. McKeever, 183 N. Y. 98, 75 N. E. 935, 2 L. R. A. (N. S.) 127.

The judgment of the Municipal Court should be reversed and a new trial ordered, costs to abide the event. All concur.