tain the action, and that, when the complaint fails to contain such an allegation, it fails to state facts sufficient to constitute a cause of action, and that such an objection is not waived by the failure to raise it by demurrer or answer. We do not understand that that case intended by construction to extend the legislative provision. The purpose of that case was to affirm the necessity for observing that statutory provision.

Assuming that the plaintiff in this action stands in no better position than its assignor, it does not follow that, because the plaintiff's assignor is a foreign corporation, it was doing business in this state. The statute applies only to the case (1) of a foreign stock corporation (2) doing business in this state and (3) suing on a contract made in New York. Unless all of these elements are present, the statute has no application. There is no allegation in the pleadings that the plaintiff's assignor was doing business in New York. Certainly there is no presumption that the plaintiff's assignor was doing business in this state, merely because it was a foreign corporation. As was well said by Mr. Justice Gerard in Singer Mfg. Co. v. Granite Spring Water Co., 66 Misc. Rep. 595, 123 N. Y. Supp. 1088:

"The foreign corporation may be presumed to be a stock corporation (Portland Co. v. Hall & Grant Const. Co., 123 App. Div. 495, 108 N. Y. Supp. 821); but it cannot be presumed that, because it is a foreign stock corporation, it is doing business in this state."

When it does not appear, either from the complaint or the proofs, that the foreign stock corporation is doing business in this state, and the defendant seeks to avoid the cause of action alleged, on the ground that such corporation was doing business in this state, it can do so only by pleading this new matter by way of defense and sustaining it by proof. Fuller & Co. v. Schrenk, 58 App. Div. 222, 68 N. Y. Supp. 781, affirmed 171 N. Y. 671, 64 N. E. 1126; St. George Vineyard Co. v. Fritz, 48 App. Div. 233, 62 N. Y. Supp. 775; Parmele Co. v. Haas, 171 N. Y. 579, 583, 64 N. E. 440; Eclipse Silk Mfg. Co. v. Hiller, 145 App. Div. 568, 129 N. Y. Supp. 879.

It follows that, in the absence of such a defense being pleaded, and it not appearing, either from the complaint or the plaintiff's evidence, that the plaintiff's assignor was doing business in this state, the court below correctly excluded evidence offered by the defendant on this point, and that the court erred in setting aside the verdict of the jury.

Order reversed, with costs, and verdict reinstated, with costs. All concur.

---

### E. H. STAFFORD MFG. CO. v. NEWMAN.

(Supreme Court, Appellate Term. March 8, 1912.)

Corporations (§ 672*)—Civil Actions—Conditions Precedent—Pleading—Dismissal.

　　Where a foreign corporation brought suit on an Illinois sale contract, and neither party alleged that the plaintiff was doing business in the state, or that the goods were sold or delivered in the state, it was error

*For other cases see same topic & § number in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes
　　133 N.Y.S.—68

to dismiss the complaint because the plaintiff had not complied with General Corporation Law (Consol. Laws 1909, c. 23) § 15, requiring foreign corporations doing business in the state to obtain a certificate.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2645–2649; Dec. Dig. § 672.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by the E. H. Stafford Manufacturing Company against Morris Newman. From a judgment for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued February term, 1912, before SEABURY, GUY, and BIJUR, JJ.

William Wallace Young, for appellant.
Engel Bros. (Adolph Engel, of counsel), for respondent.

GUY, J. This action is brought to recover the value of goods sold and delivered. The complaint alleges that the plaintiff is a foreign corporation; but neither the complaint nor the answer alleges that the plaintiff was doing business in this state, or that the goods were sold or delivered within the state.

The contract sued on, to deliver goods "f. o. b." in Illinois, was an Illinois contract. See 35 Cyc. 174; Cahen v. Platt, 69 N. Y. 348, 25 Am. Rep. 212. The learned trial judge dismissed the complaint, on the ground that the plaintiff corporation was doing business within the state, and had not obtained a certificate as required by section 15 of the General Corporation Law (Consol. Laws 1909, c. 23). There was no evidence on which to base the finding, and the dismissal of the complaint was error. See Bremer v. Ring, 146 App. Div. 724, 131 N. Y. Supp. 487; Singer Sewing Machine Co. v. Foster, 133 N. Y. Supp. 1072 (Appellate Term, February, 1912); Acorn Brass Mfg. Co. v. Rutenberg, 132 N. Y. Supp. 600.

Judgment reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.