BROOKFORD MILLS, Inc., v. BALDWIN et al.

(Supreme Court, Appellate Division, First Department. January 3, 1913.)

1. CORPORATIONS (§ 642*)—FOREIGN CORPORATIONS—"DOING BUSINESS IN THE STATE."

A foreign corporation, which sends its product here for sale through a commission merchant, who transacts the business, makes the sales, and

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

receives the consideration is not "doing business in the state," within General Corporation Law (Laws 1892, c. 687) § 15, re-enacted in Laws 1909, c. 28 (Consol. Laws 1909, c. 23), providing requirements for doing business in this state.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2520–2527; Dec. Dig. § 642.*

For other definitions, see Words and Phrases, vol. 3, pp. 2155–2160; vol. 8, pp. 7640, 7641.]

2. PARTIES (§ 6*)—REAL PARTY IN INTEREST.

A company which confirms and assumes as made in its behalf a contract by a commission merchant for goods is bound thereby and may sue or be sued; it being the real party in interest.

[Ed. Note.—For other cases, see Parties, Cent. Dig. §§ 6–8; Dec. Dig. § 6.*]

3. PRINCIPAL AND AGENT (§ 184*)—ACTION BY PRINCIPAL—ASSUMING CONTRACTS—LIABILITY.

Since a company which confirms and assumes as made in its behalf a contract by a commission merchant for goods becomes liable to the purchaser for a breach thereof, it may prove such assumption of the contract in an action for the price.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 701–703; Dec. Dig. § 184.*]

Appeal from Trial Term, New York County.

Action by the Brookford Mills, Incorporated, against Wilmer A. Baldwin and another. Judgment for plaintiff, and defendants appeal. Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, MILLER, and DOWLING, JJ.

W. M. K. Olcott, of New York City, for appellants.
John W. Boothby, of New York City, for respondent.

INGRAHAM, P. J. The action was commenced to recover damages for a breach of a contract for the manufacture and sale of certain material called "sateens." The case coming on for trial before a jury, it was agreed that a jury should be waived and that the case should be tried before the court without a jury. Subsequently the trial judge filed his decision, in which he found that the plaintiff was a foreign stock corporation, organized and existing under the laws of the state of North Carolina, and was engaged in the operation of a cotton mill in that state; that A. D. Juilliard & Co. were copartners, carrying on the business of commission merchants in the city of New York, and were the agents of the plaintiff in selling their goods in this city and throughout the United States; that Juilliard & Co., under their arrangement with the plaintiff, made sales of the plaintiff's manufactured products in their own name, attended to the delivery of the goods, collected the purchase price, and guaranteed the accounts on such sales to the plaintiff, and made advances to the plaintiff on the goods consigned to them; that the defendants were copartners in business in the city of New York; that on or about the 2d of August, 1907, Juilliard & Co., in their own name, but in fact as the agents and factors of the plaintiff, and on its behalf, agreed to and with the de-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

fendants to manufacture, sell, and deliver to the defendants 128,400 yards of sateens and to ship the same f. o. b. at the plaintiff's place of business in North Carolina, freight prepaid, to such Eastern finishing works as the defendants should designate; that said shipments were to be made in installments during the months of November and December, 1907, and January, February, March, and April, 1908; that the defendants further agreed to pay to Juilliard & Co. the purchase price of said goods; that on the execution of this contract between Juilliard & Co. and the defendants, Juilliard & Co. sent memorandum of the contract to the plaintiff "subject to your confirmation"; that the plaintiff duly confirmed the sale and commenced the manufacture of the goods called for by the order; that the plaintiff was ready, able, and willing to deliver the manufactured product, as required by the contract; that the defendants failed and refused to furnish shipping directions for the goods, and requested Juilliard & Co. to defer the shipments, which they declined to do, whereupon, on the 25th day of November, 1907, the defendants canceled the order and refused to comply with the contract. The court further found the difference between the cost price of the goods and the contract price agreed to be paid, and awarded the plaintiff judgment for the balance, from which judgment the defendants appeal.

[1] These findings were amply sustained by the evidence, but the defendants rely upon several grounds to defeat the plaintiff's claim. The first and only one that requires discussion is that the action cannot be maintained, because the plaintiff has never procured from the Secretary of State a certificate authorizing it to do business in this state. A complete answer to this objection is that the plaintiff never did do business in this state, within section 15 of the General Corporation Law (chapter 687 of the Laws of 1892, re-enacted in the Consolidated Laws as chapter 28 of the Laws of 1909 [Consol. Laws 1909, c. 23]). The plaintiff's mill is in North Carolina, and it has no office for the transaction of business in this state. It consigned its manufactured product to a commission merchant doing business in the city of New York, with authority to sell the goods, receive the proceeds, and remit. The commission merchant does business here and makes sales on behalf of the plaintiff; but certainly the plaintiff is not engaged in business in this state, because it sends its product here for sale through a commission merchant, who transacts the business, makes the sales, and receives the consideration. It is Juilliard & Co., the commission merchants, who do the business that is done in this state, and not the corporation. As was said by the Court of Appeals in Penn. Collieries Co. v. McKeever, 183 N. Y. 98, 75 N. E. 935, 2 L. R. A. (N. S.) 127:

"To be doing business in this state implies corporate continuity of conduct in that respect, such as might be evidenced by the investment of capital here, with the maintenance of an office for the transaction of its business, and those incidental circumstances which attest the corporate intent to avail itself of the privilege to carry on a business."

See, also, Eclipse Silk Manufacturing Co. v. Hiller, 145 App. Div. 568, 129 N. Y. Supp. 879.

[2, 3] The contract in this case was made by Juilliard & Co. in its own name. In its relation to the defendant it did not assume to act as agent for the plaintiff. Juilliard & Co. was liable for a breach of the contract, as it had, by its contract, assumed that obligation; and under the arrangement between Juilliard & Co. and the plaintiff it is quite possible that unless the plaintiff had approved the contract and accepted it as having been made in its behalf, the plaintiff would not have been liable for a breach of the contract, and Juilliard & Co. recognized that condition by transmitting the contract to the plaintiff as having been made in its behalf, subject to its confirmation. When plaintiff confirmed the contract, however, it then assumed the obligation to perform, and on proof of those facts it would have been liable to the defendant if it had committed a breach. It was entirely competent, therefore, for the plaintiff to prove that it had confirmed the sale as made by Juilliard & Co. as a sale on its behalf, and that clearly, under our system of practice, gives the plaintiff, as the real party in interest, a cause of action to sue for a breach of the contract, and to prove that fact it was competent to show that the contract had been transmitted by Juilliard & Co. to the plaintiff and had been confirmed and assumed by it.

The other objections taken by the defendants to the plaintiff's recovery have been examined; but we think the court below was right, and no discussion is required.

It follows that the judgment appealed from should be affirmed, with costs. All concur.