## STRAUSS-PRITZ CO. v. AXSON.

(Supreme Court, Appellate Term, First Department.  March 13, 1916.)

1. CORPORATIONS ⬤➾672 (7)—FOREIGN CORPORATIONS—ACTIONS—COMPLAINT.

Though, in an action by an Ohio corporation for the purchase price of goods sold and delivered, a complaint alleging a sale in New York, without alleging the procuring of a license to do business in New York, would have been demurrable, where the complaint alleged that the goods were sold and delivered in Ohio, it was good.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2645–2649; Dec. Dig. ⬤➾672 (7).]

2. CORPORATIONS ⬤➾672 (3)—FOREIGN CORPORATIONS—ACTIONS—ANSWER.

In an action by an Ohio corporation for the purchase price of goods alleged in the complaint to have been sold and delivered to defendant in Ohio, an answer denying that the goods were sold in Ohio, and alleging that plaintiff had procured no license authorizing it to do business in New York, did not set up a defense, as a denial that the goods were sold in Ohio was not equivalent to an allegation that they were sold in New York.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2645–2649; Dec. Dig. ⬤➾672 (3).]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by the Strauss-Pritz Company against Frank J. Axson. From a judgment in favor of plaintiff, entered upon the pleadings, defendant appeals.  Affirmed.

Argued February term, 1916, before LEHMAN, WEEKS, and DELEHANTY, JJ.

Mervyn Wolff, of New York City (Benjamin Jaffe, of New York City, of counsel), for appellant.

Campbell & Scribner, of New York City (Charles E. Scribner, of New York City, of counsel), for respondent.

WEEKS, J.  The complaint herein alleges that the plaintiff is a foreign corporation created under the laws of the state of Ohio, and that in November, 1914, and February and May, 1915, "in the state of Ohio, it sold and delivered to defendant goods, etc., amounting to $248.50."  The defendant by answer admits the sale and delivery of the goods and their value, but denies that part of the complaint which avers that the goods were sold "in the state of Ohio."  It then sets up as a defense that the plaintiff has not procured the necessary license to authorize it to do business in this state.

[1, 2] I think the judgment should be affirmed.  If the plaintiff had alleged a sale of goods in this state, it would also have had to allege the procuring of a license; otherwise, the complaint would have been demurrable.  Alpha Portland Cement Co. v. Schratwiesser Fireproof Construction Co., 146 App. Div. 571, 131 N. Y. Supp. 142.  Not having so alleged, the complaint was good.  In order, therefore, to set up a defense, the answer should have alleged that the goods were sold in this state, as well as a want of license.  A denial that the goods

were sold in Ohio is not equivalent to an allegation that they were sold in the state of New York, and consequently there was no sufficient defense pleaded.

Judgment affirmed, with $25 costs, with leave to defendant to amend the answer, upon payment of the costs in this court and in the court below. All concur.