EAGLE MANUFACTURING COMPANY, Respondent, *v.* ARKELL & DOUGLAS, INC., Appellant.

First Department, July 1, 1921.

Corporations — foreign corporation — when foreign corporation not doing business in this State within General Corporation Law, § 15 — sales — offering goods for resale amounts to acceptance — receipt and retention of bill of lading for goods shipped f. o. b. point of shipment constitutes acceptance — shipments not required to be made in particular order.

The plaintiff, a foreign corporation, was not doing business in this State, within the meaning of section 15 of the General Corporation Law, so as to prevent it from maintaining an action to recover for goods sold and

delivered because it had not complied with the provisions of that section, where it appeared that the order for the goods in question was taken by a firm of commission merchants in the city of New York who represented a number of foreign corporations including the plaintiff; that the plaintiff had nothing whatever to do with the running of the New York office or its expenses and contributed nothing towards its maintenance; that the only goods of the plaintiff in the possession of the commission merchant were samples which had a nominal value only; that the order taken by the commission merchant was subject to the approval of the plaintiff and that the plaintiff never had any stock of merchandise in this State nor any bank account, nor any office, nor did it keep any books within the State.

As to the defense interposed by the defendant that the plaintiff failed to ship the goods in the manner agreed upon in that the three orders in question were not shipped in the order required by the defendant, it appeared that the time for shipment was extended by the defendant and that thereafter the defendant authorized the plaintiff to ship the goods as soon as possible, and that, as to the first shipment, the defendant offered the goods subsequently for resale.  *Held,* that the defendant, by offering the goods for resale, exercised dominion over them and acceptance must be deemed to follow as a matter of law.

As to the remaining shipments the invoices and bills of lading for them were forwarded at the same time that the goods were shipped and the documents were received and retained by the defendant, and furthermore delivery was established by the additional circumstance that the goods were sold f. o. b. the point of shipment which became the place of delivery, and by the further fact that the goods were shipped on the express authorization of the defendant after it was notified that they were ready for shipment.

The defendant's authorization of delivery does not warrant the conclusion that the shipments were to be made in the order of time in which the contracts of sale were made.

DOWLING and PAGE, JJ., dissent in part, with memorandum.

APPEAL by the defendant, Arkell & Douglas, Inc., from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 4th day of March, 1921, upon the verdict of a jury rendered by direction of the court.

*Emil Weitzner* of counsel [*David Steckler* with him on the brief; *Steckler & Weitzner,* attorneys], for the appellant.

*Ludwig M. Wilson,* attorney for the respondent.

Greenbaum, J.:

The complaint alleges the sale and delivery of merchandise to defendant between October 7, 1920, and November 4, 1920, at the agreed price of $2,802.01.

The answer denies the allegations of sale and delivery and for a first and separate defense alleges that the plaintiff is a foreign stock corporation doing business in this State which has failed to comply with the provisions of section 15 of the General Corporation Law (as amd. by Laws of 1917, chap. 594). For a second separate defense the answer alleges that the merchandise in suit was purchased on or about the 10th of March, 1920, pursuant to three orders marked Exhibits " A," " B " and " C," respectively, providing for the delivery of the goods mentioned in Exhibit " C " in May and of the remainder in July or August; that plaintiff failed to make delivery at the time fixed; that on August fourth plaintiff agreed to ship said goods as soon as freight conditions permitted, those in Exhibit " C " to be shipped first and the others soon thereafter, and that on September twenty-ninth, relying upon such promise defendant extended the time of shipment of the goods, but that the plaintiff failed to ship the goods in the manner agreed upon and by reason thereof the defendant refused to accept delivery.

As to the defense that the plaintiff was doing business in this State in violation of the statute, the facts are as follows: The orders were taken by the firm of Malone & Nicholson, who were engaged on their own account in business as commission merchants in the city of New York. They represented a number of foreign corporations having factories, including the plaintiff. The lease of the premises 50 Park Place, occupied by Malone & Nicholson, was in their own name as was also the telephone contract; both lease and telephone contract were put in evidence. Plaintiff had nothing whatever to do with the running of the New York office or its expenses and contributed nothing towards its maintenance. Malone & Nicholson employed their own help and paid all their expenses. The only goods of the plaintiff in the possession of Malone & Nicholson were samples which had only a nominal value. The goods sold never passed through Malone & Nicholson's hands. The orders that were accepted by

them were subject to approval of the plaintiff Eagle Manufacturing Company. The plaintiff never had any stock of merchandise in the State of New York, nor did it have any bank account here, nor had it any officer in the State of New York, nor did it keep any books in the State. The merchandise involved in this suit was sold f. o. b. Wellsburg, W. Va. We think the foregoing state of facts, which are uncontradicted, establishes as matter of law that the plaintiff was not doing business in this State as contemplated by the statute. (*Burrowes Co.* v. *Caplin,* 127 App. Div. 317; *Rundle Spence Mfg. Co.* v. *Gainsborough Const. Co.,* 123 N. Y. Supp. 785; *Brookford Mills, Inc.,* v. *Baldwin,* 154 App. Div. 553; *Hovey* v. *De Long Hook & Eye Co.,* 211 N. Y. 424.)

As to the defense that the plaintiff failed to ship the goods in the order in which defendant claims they should have been delivered, the facts are as follows: There were three orders and three shipments known respectively as A-68; A-70 and A-67. On September eighteenth defendant was notified that these orders were ready for shipment at the plaintiff's factory, and on September twenty-ninth the defendant authorized the plaintiff to forward the goods to New York as soon as possible. As to the order A-68 aggregating $1,386 the goods were shipped on October 12, 1920, and subsequently they were offered for resale by the defendant to one W. H. McNutt on October 28, 1920. The defendant thus exercised dominion over these goods and acceptance must be deemed to follow as matter of law. Besides, the invoice bears defendant's notation showing that the various items had been checked up and a discount of $26.40 had been deducted from the payment.

As to the orders A-67 and A-70, representing, respectively, $433.12 and $945, they were shipped October 21 and 28, 1920. The invoices and bills of lading for these orders were forwarded at the same time that the goods were shipped and the documents have ever since been retained by the defendant.

It seems to us that in addition to the facts just alluded to, the delivery was established by the additional circumstance that the goods were sold f. o. b. Wellsburg, which became the place of delivery and that defendant was notified that the goods were ready for shipment and that it replied that they might be shipped and they were shipped. There was nothing

in the defendant's authorization of delivery that would warrant the conclusion that the shipments must be made in the order of time in which the contracts of sale were made.

As there was no issue of fact to be submitted to the jury, the court was justified in directing a verdict.

The judgment is affirmed, with costs.

Clarke, P. J., and Smith, J., concur; Dowling and Page, JJ., dissent.

Dowling, J. (dissenting):

I dissent, upon the ground that the plaintiff, in my opinion, is not entitled to recover herein for the reason that it was a foreign stock corporation doing business in this State when the contracts in suit were entered into and had at that time no certificate as required by section 15 of the General Corporation Law (as amd. by Laws of 1917, chap. 594).

Page, J., concurs.

Judgment affirmed, with costs.