### DEUTSCH v. HOGE et al.

District Court, S. D. New York.

Nov. 10, 1943.

Saul C. Cohen, of New York City (Irving H. Saypol, Leo Kotler, and Saul C. Cohen, all of New York City, of counsel), for plaintiff.

Benjamin Stenzler, of New York City (Meyer Kraushaar, of New York City, of counsel), for defendants.

GODDARD, District Judge.

Motion to dismiss the complaint for lack of jurisdiction of the defendants. The defendants, doing business under the name of Hoge Brush Company of Ohio, were allegedly served in this state pursuant to Section 229-b of the Civil Practice Act of the State of New York. Originally a state Supreme Court action, it was subsequently removed to this court.

Section 229-b provides that when any nonresident person shall engage in business in this state, in any action against such person arising out of such business, the summons may be served on the person, who at the time of service is in charge of any business in which the defendants are engaged within this state. Service in the action was made in New York upon an alleged agent of the defendants, William E. Epstein, doing business under the name of Imperial Mfg. & Trading Co. at 261 Broadway, New York City.

The plaintiff alleges that service upon Epstein is sufficient to confer jurisdiction, alleging that the defendants were engaged in business in this state and that he was in charge of any business in which the defendants were engaged within this state.

It appears from affidavits submitted that Epstein was not an employee of the defendants; that he merely solicited orders for them on a commission basis; that he was not authorized to quote prices other than those submitted to him by defendants; that all orders which he obtained were subject to the approval of the defendants' Ohio manager; that the merchandise to fill the orders was shipped from Ohio where defendants' factory is located and were authorized to do business; that the bills for the merchandise which he sold originated in Ohio, and bore the notation— "all payments made to our agents must be made by check or draft to our order"; that where Epstein did sell merchandise and collect, he would remit a cheque to the defendants' Ohio office; that although defendants' merchandise was sold in New York by Epstein and some others on a commission basis, defendants did not conduct a regular course of business in New York; had no office nor bank account here; that while it also appears that the name "Hoge Brush Company" was listed on the door of Epstein's office, on the directory in the building and under his telephone number, this was unknown and unauthorized by the defendants.

One who merely solicits orders from an Ohio firm under such circumstances, and who has no general managerial powers, is

834

not such a person upon whom services may be made to obtain jurisdiction of the members of that firm. W. S. Tyler Co. v. Ludlow-Saylor Wire Co., 236 U.S. 723, 35 S. C*. 458. 59 L.Ed. 808; People's Tobacco Co. v. American Tobacco Co., 246 U.S. 79, 38 S.Ct. 233, 62 L.Ed. 587, Ann.Cas.1918C, 537; Cohen v. American Window Glass Co., D.C., 41 F.Supp. 48. The defendant corporation did not "engage in business in this state". Hamlin et al. v. G. E. Barrett & Co. et al., 246 N.Y. 554, 159 N.E. 648; Davega, Inc., v. Lincoln Furniture Mfg. Co., 2 Cir., 29 F.2d 164; Eagle Manufacturing Co. v. Arkell & Douglas, Inc., 197 App.Div. 788, 189 N.Y.S. 140.

It follows that Epstein, who was served, could not have been "in charge of any business in which defendants are engaged within this state". Accordingly the service upon Epstein was insufficient to obtain jurisdiction over the defendants, and the motion to dismiss must be granted.

Motion granted. Settle order on notice.